■ In the Matter of DENISE K., Appellant, v KING L. et al., Respondents.—Weiss, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered March 14, 1986, which, inter alia, denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her natural child.

This appeal involves a 19-year-old natural mother's attempt to regain physical custody of her child born out of wedlock on August 12, 1985. Prior to the child's birth, petitioner determined to surrender the child to the nonparent respondents for purposes of a private adoption. On August 15, 1985, petitioner

signed a temporary guardianship agreement giving respondent Michelle L. guardianship of the baby until such time as an adoption could be arranged. The child has continually resided with respondents since that time. In late September or early October 1985, petitioner contacted respondents for purposes of initiating visitation with the child. When the overture was refused, petitioner filed the instant custody petition on October 9, 1985. Thereafter, petitioner was accorded visitation privileges, commencing the first week of December 1985. Following a hearing, Family Court concluded that extraordinary circumstances existed warranting a continuation of physical custody with respondents. Significantly, the court concluded that an ultimate resolution of the custody issue was premature, and directed that petitioner be allowed continued supervised visitation. Petitioner has appealed.

We affirm. It is firmly established that as between a natural parent and a third person, parental custody may not be precluded absent a threshold showing of extraordinary circumstances (*Matter of Male Infant L.,* 61 NY2d 420, 426-427; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *Matter of Callahan v Denton,* 114 AD2d 663, 664; *see, Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 144). Until this premise is satisfied, the question of the child's best interest is simply not reached (*supra*).

Our review of the hearing minutes confirms that both prior to and after the child's birth, petitioner opted to turn custody of the child over to respondents for purposes of adoption, ostensibly because she had no place to stay. A hospital social worker testified that after the child's birth, there was little maternal bonding. A senior caseworker from the Chemung County Department of Social Services testified that after receiving a "hotline" report from the hospital, she explained various options and services that would be available to petitioner if she decided to keep the child, but petitioner indicated that "she did not want the child". While petitioner denied that any assistance was offered, Family Court credited the caseworker's testimony. It is further evident that petitioner failed to faithfully exercise her visitation privileges (*cf., Matter of Male Infant L., supra,* at 426-427). On December 17, 1985, petitioner was hospitalized overnight for the surgical removal of warts and did not resume visitation with her child until January 14, 1986. Family Court rejected petitioner's excuse that she was bedridden, noting that she was a frequent visitor at a local bar during this time frame. Nor did petitioner make any inquiry as to the child's condition. Through-

out this period, petitioner remained unemployed and continued to receive public financial assistance.

In view of the foregoing, we find that the record fully supports Family Court's conclusion that extraordinary circumstances were present. The various credibility issues were for Family Court to resolve and we perceive no basis to interfere with the assessments made. Moreover, Family Court's determination to withhold resolution of the permanent custody question was eminently reasonable, considering the child's tender age and the fact that petitioner evidenced a desire to raise her child. The opportunity to prove her sincerity was properly extended to petitioner. Accordingly, the order of Family Court continuing physical custody of the child with respondents should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.