■ MARK J. PAZDER, Respondent, v NADINE M. PAZDER, Appellant. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: On appeal from two orders of Supreme Court, defendant argues that the court erred in exercising subject matter jurisdiction over the custody issue in plaintiff's divorce action by reason of the Parental Kidnaping Prevention Act (PKPA; 28 USC § 1738A), pursuant to which Florida, rather than New York, has subject matter jurisdiction. The parties resided in Buffalo until plaintiff was transferred to Florida in March 1986. They moved back to Buffalo in October 1987 but defendant returned to Florida with the children in June 1988 in order to sell the house there. In May 1989, defendant informed plaintiff that she would not be returning to Buffalo and that she wanted a divorce. Plaintiff commenced this action for divorce in New York. We disagree with defendant's argument that the court's exercise of jurisdiction was improper. PKPA applies either to the enforcement or modification of existing custody decrees or to situations where custody proceedings are already pending in another State (28 USC § 1738A [a], [c], [g]; *see, Mancusi v Mancusi,* 136 Misc 2d 898, 902; *see also, Peterson v Peterson,* 464 A2d 202 [Me]). No decree exists and no action is now pending in another State.

of the children to the jurisdiction forthwith unanimously affirmed without costs and otherwise appeal dismissed. Same memorandum as in *Pazder v Pazder* ([appeal No. 1] 161 AD2d 1194 [decided herewith]). (Appeal from order of Supreme Court, Erie County, Joslin, J.—custody.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.