■ In the Matter of Joy E. Zamoiski et al., Respondents, v Antonio Centeno, Also Known as Antonio Scherer, Appellant.—Harvey, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered June 23, 1989, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of respondent's four children.

This custody proceeding was initiated by petitioners, the maternal grandparents of four children, against respondent, the children's biological father. Respondent was married to the children's biological mother, Janice Centeno (hereinafter the wife), in 1973. In July 1981, the wife was diagnosed as having chordoma, a form of bone cancer, and was initially given a short time to live. She subsequently developed lung and liver cancer and lost the use of both legs by February 1987. On December 7, 1985, respondent wrote his wife a letter in which he stated that he would give her $500 a week for child support and "[s]he [could] have full custody & guardianship of [the] four kids". Shortly thereafter, the parties separated pursuant to a separation agreement which provided, among other things, that the wife would have "sole custody and control of their children" and that "[the] wife may transfer her custody and guardianship of the children under the terms of this agreement to a person or persons of her choosing without [respondent's] interference or claims". The agreement stated that it would survive the divorce and also the remarriage of either party.

Immediately following the execution of the separation agreement, respondent began living with a woman he later married after his divorce became final. In the meantime, in March 1988, the wife appointed her mother, petitioner Joy E.

Zamoiski, guardian of the four children in a written, notarized instrument that made reference to the terms of the separation agreement. The wife died in May 1988. Shortly thereafter, petitioners filed a petition for custody. Temporary custody was subsequently given to petitioners and a Law Guardian was appointed. Respondent then filed a cross petition for custody. A custody hearing was conducted and the children were interviewed in camera. Finding "extraordinary circumstances" sufficient to undertake an examination in the best interests of the children, Family Court ultimately awarded custody of all four children to petitioners with reasonable visitation to respondent. This appeal by respondent followed.

The principal issue to be determined on this appeal is whether Family Court erred in determining that there was a sufficient showing of extraordinary circumstances in this case so as to warrant an examination of the best interests of the children. It is well established that as between a biological parent and a third person, parental custody may not be precluded absent a threshold showing of extraordinary circumstances *(Matter of Denise K. v King L.,* 136 AD2d 833, 834; *see, Matter of Male Infant L.,* 61 NY2d 420, 426-427; *Matter of Bennett v Jeffreys,* 40 NY2d 543). Accordingly, a parent may not be deprived of the custody of a child "absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" *(Matter of Bennett v Jeffreys, supra,* at 544). Unless and until this condition is satisfied, the question of a child's best interest is simply not reached *(see, Matter of Denise K. v King L., supra).*

In the instant case, Family Court made numerous factual findings to support its conclusion that extraordinary circumstances existed to deprive respondent, the biological father, of custody. Family Court determined that petitioners showed the existence of extraordinary circumstances "by showing a settled purpose, on [respondent's] part, to be rid of all parental obligations and to forego all parental rights with not the slightest interest in the welfare of the children, their well-being or even continued existence". After a thorough investigation, including reports from the Probation Department and the Law Guardian and in camera interviews with the children, Family Court also concluded that it was in the best interests of the children to continue living in the family unit provided by petitioners and their extended family.

Following our own review of the evidence, we find that the record fully supports Family Court's conclusion that extraordi-

nary circumstances were present. Respondent, despite his contentions otherwise, knowingly and voluntarily signed a separation agreement in which he reduced his visitation privileges and surrendered his custody of the children at a time when he knew his wife was dying of a terminal illness. The children lived apart from respondent for over three years after the signing of the separation agreement in 1985. During that time, respondent never attempted to increase his visitation or modify the agreement despite the fact that he was involved in judicial proceedings to enforce his overdue child support obligations. Along with being consistently in arrears as to his child support obligations and having trouble with the Internal Revenue Service over unpaid taxes, the evidence indicated that respondent still managed to purchase a $27,000 van for himself in 1987. His visits with the children were sporadic. There was also evidence to the effect that respondent had a substance abuse problem, although respondent denies this. At the hearing, respondent clearly indicated that he had no immediate plans to make provisions for the financial well-being of his children or to intervene or to help with their need for counseling. Instead, his contingency plans providing for the future of his children were ambiguous and made conditional upon the award of custody.

This and other evidence presented in the record amply support Family Court's conclusion that the instant situation constitutes extraordinary circumstances (see, Matter of Denise K. v King L., 136 AD2d 833, supra; see also, Matter of Curry v Ashby, 129 AD2d 310). Family Court's resolution of the credibility issues in petitioners' favor was wholly within its province (see, Matter of Denise K. v King L., supra, at 835). In contrast with respondent's history of indifference to his children and his sporadic support payments, the record overwhelmingly indicates that petitioners consistently provided a "secure, stable and happy environment" to their dying daughter and her children. This view of the evidence is amply supported by the reports of the Law Guardian, Probation Department, the children's counselors and the family physician. Family Court noted that respondent, by his own neglectful conduct, "has created and promoted the development of the grandparent-children relationship. This has placed the children in a situation where their welfare could be affected drastically if custody were now to be granted to him". Because Family Court's findings of fact and determination were supported by the record and law, no basis for reversal has been presented.

Order affirmed, with costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.