■ In the Matter of SHIRLEEN LUCAS, Appellant, v DONNA HUNT et al., Respondents. (And Another Related Proceeding.) —Yesawich Jr., J. Appeal from an order of the Family Court of Schenectady County (Reilly Jr., J.), entered May 10, 1989, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for, *inter alia,* custody of her daughter.

Petitioner's 13-year-old daughter, Devan, is the subject of this custody proceeding. Devan, who is black, has lived most of her life with respondents, her white foster parents, and their racially mixed family in New York. After having carefully reviewed the record, Devan's in camera testimony, the evalua-

tion of Devan by the court-appointed psychologist, the Law Guardian's report, Family Court's thoughtful and well-considered decision, and counsels' various arguments, we are satisfied that ample support for Family Court's finding of extraordinary circumstances warranting State intervention exists, that Devan's interests will be best served by granting custody of her to respondents, and that the petition filed by petitioner asserting that respondents violated an outstanding custody order was properly dismissed (see, Matter of Hansen v Post, 167 AD2d 702, 704, lv denied 77 NY2d 807).

The only issue requiring comment is petitioner's contention that respondents violated the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a et seq.) and the Parental Kidnapping Prevention Act (28 USC § 1738A). While custody of Devan was indeed transferred, thus modifying the terms of the prior New York custody proceeding order which granted custody to petitioner (see, Matter of William I. v Schenectady County Dept. of Social Servs., 102 AD2d 482), that transfer was accomplished by consensual agreements. Moreover, no custody proceeding was pending in either New York or Florida in June 1985 when respondents removed Devan from Florida and brought her back to live with them in Schenectady County (see, Pazder v Pazder, 161 AD2d 1194).

In February 1985 petitioner, without notifying either respondents, who had visitation rights, or the Schenectady County Department of Social Services, spirited Devan to Florida where she then left her with Casper Ellick, Devan's natural father, whom petitioner voluntarily appointed as Devan's guardian; prior to this meeting, Devan had never met her father. In June 1985, Ellick granted respondents a durable family power of attorney, relinquished guardianship of Devan to them, and agreed to their taking Devan back to New York. Although petitioner suspected in August 1985 that Devan was living with respondents in New York and confirmed this in December 1985, petitioner did not commence a proceeding seeking Devan's return from respondents until June 1987. Given these circumstances, respondents' actions were neither unilateral nor unauthorized and did not interfere with the purposes or invoke the application of the Uniform Child Custody Jurisdiction Act or the Parental Kidnapping Prevention Act (see, Matter of Michael P. v Diana G., 156 AD2d 59, 63-64, 68, lv denied 75 NY2d 1003; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-b, at 293-294).

Weiss, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.