■ In the Matter of PAULINE G., Respondent, v CAROLYN F., Appellant. (Proceeding No. 1.) In the Matter of CAROLYN F., Appellant, v PAULINE G., Respondent. (Proceeding No. 2.)—In consolidated child custody proceedings pursuant to Family Court Act article 6, the natural mother of the child appeals from a dispositional order of the Family Court, Westchester County (Tolbert, J.), dated October 2, 1991, which, after a fact-finding hearing, awarded custody of the child to the petitioner Pauline G.

Ordered that the order is affirmed, without costs or disbursements.

Andre F., the subject of these two related custody proceedings, was born on April 5, 1987. A few months after Andre's birth, the appellant became pregnant and experienced medical problems, resulting in a period of hospitalization for several weeks. During this hospitalization period, the appellant's five children were cared for by family members and friends. In

March of 1988 Andre was placed with Pauline G., who was an acquaintance of the appellant's mother. Andre remained with Pauline G. until October 1990, when the appellant took Andre to her home for a visit and then refused to return him to Pauline G. Pauline G. then commenced a proceeding in October 1990 seeking custody of Andre. At the time the proceeding was commenced, the appellant had four other children, ages 10, 8, 6, and 4. Upon the appellant's failure to appear without justification for the first two court proceedings, the Family Court granted temporary custody of Andre to Pauline G. and issued a warrant for the appellant. Pursuant to this temporary order of custody, Pauline G. obtained custody of Andre at the end of October 1990. Pauline G. continues to have custody of Andre. After conducting a fact-finding hearing, the Family Court determined that extraordinary circumstances existed in this case and found that it was in Andre's best interest that the respondent be awarded custody. We agree.

"The State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances. If any of such extraordinary circumstances are present, the disposition of custody is influenced or controlled by what is in the best interests of the child" *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). Andre lived solely with Pauline G. from when he was 11 months old in March 1988 until October 1990. During this two-and-one-half year period when Andre lived with Pauline G., the appellant only visited or telephoned Andre on a sporadic basis. For the first two or three months that Andre stayed with Pauline G., the appellant apparently gave her the money the appellant received from the Department of Social Services on behalf of Andre. However, after these first few months, the appellant stopped giving Pauline G. payments for Andre's support. The appellant did this even though she continued to receive money for Andre's support from the Department of Social Services up to October 1990. We find that Andre has psychologically bonded with Pauline G., who has been Andre's stable, dependable, and consistent nurturer. Andre refers to Pauline G. as "Mom" and, as stated in the probation report, "he is clearly connected" to her family. Given the above, the Family Court properly found that exceptional circumstances existed in this case *(see generally, Matter of Zamoiski v Centeno,* 166 AD2d 781; *Matter of Michael B.,* 80 NY2d 299).

In light of the relatively long period of time during which Andre resided with and psychologically bonded with Pauline

G. and her family, the potential for emotional harm if custody was transferred to the appellant, and the recommendations of the court-appointed psychiatrist, Law Guardian, and probation officer that custody of Andre remain with Pauline G., the Family Court properly found that the best interests of the child will be furthered by awarding custody to her. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.