■ In the Matter of JOHN NEWTON, Respondent, v SARAH NEWTON, Appellant. [620 NYS2d 288] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Palmer, J.), dated June 11, 1992, as, after a hearing, awarded custody of the parties' children to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The court's primary concern in making a custody determination is the best interests of the child (see, *Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Rosiana C. v Pierre S.*, 191 AD2d 432, 433). Among the factors to be considered in determining the best interests of the child are the quality of the home environment, the ability to provide for the child's emotional and intellectual development, and the parental guidance provided (see, *Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947; *Eschbach v Eschbach, supra,* at 172; *Matter of Rosiana C. v Pierre S., supra,* at 434). An evaluation of these factors can best be made by the hearing court, which is in a position to assess the credibility, temperament, and sincerity of the parties. Consequently, the hearing court's determination is entitled to great deference and will not be set aside unless it lacks a sound and substantial basis in the record (see, *Eschbach v Eschbach, supra,* at 173-174; *Matter of Rosiana C. v Pierre S., supra,* at 433; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 116).

Here, the Family Court's custody determination was amply supported by the record, and we find no basis for disturbing that determination (see, *Eschbach v Eschbach, supra*).

We disapprove of the court's failure to appoint a Law Guardian. However, because the court's determination was fully supported by the record, we find it unnecessary to remit the matter for the appointment of a Law Guardian and a further hearing (see, *Ladizhensky v Ladizhensky,* 184 AD2d 756, 758). The issue of whether the court improvidently exercised its discretion by failing to interview the children in camera has not been preserved for appellate review (see, *Matter of Brice v Mitchell,* 184 AD2d 1008). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.