(June 22, 1995)

■ In the Matter of Echo L. Lake, Respondent, v Margaret Van Wormer, Appellant. [628 NYS2d 440] —White, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered October 27, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her minor sibling.

In a custody dispute, such as this, involving a third party and a biological parent, parental custody may not be precluded absent a threshold showing by the third party of extraordinary circumstances (*see, Matter of Zamoiski v Centeno*, 166 AD2d 781, 782, *lv denied* 77 NY2d 803). Extraordinary circumstances include "surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of

custody, or other equivalent but rare extraordinary circumstances which would drastically affect the welfare of the child" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549). In the event the third party makes such showing, the inquiry turns to the child's best interest (*see, Matter of Gray v Chambers*, 206 AD2d 619, 621).

In this proceeding, petitioner is seeking custody of her sister, Bobbie Lynn, born in 1980, who is respondent's daughter, as is petitioner. The hearing testimony leaves little doubt that the relationship between Bobbie Lynn and respondent is contentious, marked by repeated use of invective and abusive language, especially when respondent has been drinking. It also appears that respondent's relationships with her five older children were so turbulent and tumultuous that each child left home in their early teen years and, according to respondent, went "down the tubes". The record further shows that in 1969 respondent was found to have neglected three of her daughters. Subsequently, she voluntarily surrendered custody of two of her daughters and her son to the Department of Social Services. When confronted with this history, respondent did not accept any responsibility for the children's problems, instead blaming them on the urban environment in which they lived. Based on this record and an in camera interview with Bobbie Lynn, Family Court found that petitioner had established extraordinary circumstances and that Bobbie Lynn's best interest dictated that petitioner be awarded custody as recommended by the Law Guardian and the Probation Department. Respondent appeals.

Respondent does not deny her past history, but argues that it should have no bearing on this proceeding in light of its remoteness. Had the record shown that respondent had taken steps to identify and seriously address her obviously deficient parenting skills, we would agree that her past should not define her present. However, she has failed to take the initial step in this process since she refuses to acknowledge or recognize that she bears some measure of responsibility for her family's disintegration. Therefore, considering respondent's problems in parenting Bobbie Lynn in the context of her past history, there is every indication that Bobbie Lynn's well-being is in serious jeopardy, and thus we agree with Family Court that extraordinary circumstances exist in this case (*see, Matter of Reed v Crim*, 202 AD2d 1018; *Matter of Hansen v Post*, 167 AD2d 702, 703, *lv denied* 77 NY2d 807).

Because a hearing court is in the most advantageous position to evaluate the testimony, character and sincerity of the

parties, its findings in custody matters are entitled to great weight on appeal and should be set aside only if they lack a sound and substantial basis in the record (*see, Matter of Antoinette M. v Paul Seth G.*, 202 AD2d 429, *lv denied* 83 NY2d 758). We shall not disturb Family Court's findings regarding Bobbie Lynn's best interest since petitioner exhibits a genuine interest in her sister and serves as a positive role model, having risen above her chaotic background and obtained an education which has allowed her to secure meaningful employment and to establish a stable home environment.

For these reasons, we affirm the order of Family Court.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.