◼ In the Matter of REGINA S. and Others, Children Alleged to be Abused. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BETTY T., Appellant. [633 NYS2d 418] —Peters, J. Appeal from an order of the Family Court of Otsego County (Humphreys, J.), entered February 15, 1994, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, for custody of respondent's children for a period of one year.

In 1992, respondent, the mother of three children born in 1987, 1989 and 1990, was found to have engaged in conduct toward the children constituting neglect. In September 1992, Family Court issued an order directing that the children be placed in the temporary custody of petitioner and thereafter with respondent under an order of supervision for six months. This order was continued for an additional six months by Family Court in March 1993 and was renewed by order of September 22, 1993. Family Court included in its September 22, 1993 order the requirement that respondent was to "supervise her children".

In October 1993 and November 1993, petitioner filed petitions alleging that respondent had violated Family Court's order of September 22, 1993 based on her failure to provide her children with adequate supervision.

Following a hearing, Family Court concluded that respondent had violated the order of September 22, 1993 by her failure to provide her children with adequate supervision and awarded custody of respondent's children to petitioner.

On this appeal, respondent contends that Family Court erred in that it failed to specifically state in its decision or order that respondent's failure to comply with the prior order of supervision was done "willfully and without just cause" (Family Ct Act § 1072). This contention is without merit.

Family Court Act § 1072 does not state that the specific phrase "willfully and without just cause" must be used in the court's decision to validate it. That section provides that Fam-

ily Court may take certain specified judicial action "if, after [a] hearing, the court is satisfied by competent proof that the parent * * * [violated the terms of an order of supervision] willfully and without just cause". It is evident from a reading of Family Court's decision and order herein that the court found respondent's failure to supervise her children to be willful and without just cause. To require Family Court to quote the exact words of Family Court Act § 1072 would serve no valid purpose.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.