■ In the Matter of WILLIAM L. et al., Respondents, v BETTY T. et al., Respondents, and FLOYD S., Appellant. [663 NYS2d 324] —Peters, J. Appeal from an order of the Family Court of Otsego County (Humphreys, J.), entered June 10, 1996, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of Regina S. and Jackie S.

Respondent Floyd S. (hereinafter respondent) is the father of Regina S. (born in 1987) and Jackie S. (born in 1989), who were placed in the care and custody of the Otsego County Department of Social Services (hereinafter DSS) in 1991 when they were removed from the home of their mother, respondent

Betty T. In 1992 the mother was found to have neglected them, prompting their continued placement in foster care.*

A custody proceeding later ensued in June 1993 between respondent and the mother, resulting in a determination of Family Court (Kepner, Jr., J.) granting custody to the mother. However, the mother's subsequent failure to supervise the children caused their return to foster care with the caveat that respondent's home be examined for possible placement.

In January 1994, after a hearing, Family Court rendered a decision concerning the custody of Jackie, Regina and their brother, James (born in 1990). Before the court were applications for custody by both the maternal grandmother and respondent. After denying the maternal grandmother's application, Family Court acknowledged that difficulties remained with awarding custody to respondent. Noting his abstinence from alcohol for over two years, his stable employment and his continued commitment to these children who presented extreme behavioral issues, the court found that respondent too readily resorted to corporal punishment and had, in the weekend before this hearing, resorted to "excessive" corporal punishment with his youngest daughter. In accordance with the recommendation of the Law Guardian, the court declined to award respondent custody and ordered DSS to arrange for his "counselling in the handling of difficult discipline problems".

In October 1994, respondent again unsuccessfully sought custody of his children. In rendering its decision, Family Court reviewed the factors it considered when continuing custody with DSS. While respondent was found to have pursued the suggested counseling, remained alcohol free and continued to adhere to his familial responsibilities, remarkably, immediately prior to this scheduled hearing, he again engaged in severely inappropriate discipline with these children. Not only did respondent bite Jackie, he also placed two of the three children in a closed dresser drawer. Determining that the return of these children to respondent would place them at risk for further physical abuse, the court again advised respondent to "obtain some intensive kind of counseling".

In April 1995, all three children were placed with petitioners, their maternal aunt and uncle, since Family Court found, in a foster care proceeding held in December 1994, that respondent was still "not yet suitable for placement of the children". Shortly thereafter respondent acquired custody of James.

---

* Upon our review of that placement in *Matter of Regina S.* (221 AD2d 729), we affirmed the determination rendered.

In February 1996, petitioners filed the instant application for custody of the two girls, prompting respondent's cross petition. Family Court, after reviewing the history of this family, noted that the girls, one mildly mentally retarded and the other suffering from oppositional defiance disorder and attention deficit disorder, had special needs and required greater supervision than other children. In addition to their suffering from low self-esteem, the court found it relevant that they had been placed outside of respondent's home for a substantial period of time and that respondent lacked appropriate parenting and disciplinary skills. The court further noted that respondent's current paramour was pregnant and that if the girls were permitted to return, seven people would reside in the household. With these factors supporting its finding of extraordinary circumstances, Family Court found that the "best interests" of these children warranted an award of custody to petitioners. Respondent appeals.

It is axiomatic that a child's best interest is generally served when the child is in the custody of a biological parent (see generally, Matter of Ronald FF. v Cindy GG., 70 NY2d 141; Matter of Bennett v Jeffreys, 40 NY2d 543). Indeed, only when there is a judicial finding of " 'surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances' " (Matter of Burghdurf v Rogers, 233 AD2d 713, 714, lv denied 89 NY2d 810, quoting Matter of Gray v Chambers, 222 AD2d 753, lv denied 87 NY2d 811) which would drastically affect the welfare of the child is a court permitted to consider whether the best interest of the child permits a termination of parental custody.

Mindful that the burden of demonstrating the existence of such extraordinary circumstances rests with the nonbiological caretaker who seeks to displace parental custody (see, Matter of Burghdurf v Rogers, supra, at 715; Matter of Gray v Chambers, supra, at 753; Matter of Judware v Judware, 197 AD2d 752, 753), we note that at the commencement of the custody hearing, counsel for petitioners successfully moved for Family Court to take judicial notice of its prior orders concerning the custody of these children. Since those orders constitute "a prior determination on the merits that extraordinary circumstances exist" (Matter of Michael G. B. v Angela L. B., 219 AD2d 289, 292; see, Matter of Bennett v Jeffreys, supra), such findings, coupled with the evidence adduced herein as to the existence of continued extraordinary circumstances (see, Matter of Lake v Van Wormer, 216 AD2d 735, lv denied 86 NY2d 709), fully warranted the court to engage in the requisite best

interest analysis. Upon our review of the record, we find no basis to disturb the determination rendered (see, *Eschbach v Eschbach*, 56 NY2d 167; *Matter of Lake v Van Wormer, supra*; *Matter of Antionette M. v Paul Seth G.*, 202 AD2d 429, *lv denied* 83 NY2d 758).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.