■ In the Matter of TAMBI BENZON, Respondent, v ISRAEL SOSA, Appellant. [663 NYS2d 938] —Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 19, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her grandchildren.

Respondent is the biological father of Michael (born in 1992) and Anna Maria (born in 1994) whose mother, Debra Benzon (hereinafter decedent), died in an automobile accident on May 25, 1995. Since the children were riding in the automobile with decedent, they were admitted to the hospital on that date and treated for minor injuries. One month prior to the accident, Family Court had awarded these parents joint legal custody

with physical custody to decedent and visitation to respondent. Due to their highly explosive relationship marked by physical violence, Family Court also entered a temporary order of protection in favor of decedent and the children. For these reasons, as well as the interest expressed by petitioner, their maternal grandmother, to assume their custody in her California residence, the children remained in the hospital until Family Court awarded her temporary custody.

At the fact-finding hearing, petitioner testified that she and her husband, who now have two of their own children residing with them, adopted decedent in 1985 when she was 12 years old. She lived with them for approximately 1½ years until she began to sexually abuse petitioner's three-year-old daughter. Although decedent was removed from the home, petitioner remained in contact with her caseworkers. When Michael was approximately two months old, petitioner and decedent reestablished contact. It was at that time that she learned about decedent's violent relationship with respondent. At the time of her daughter's death, petitioner had only met and cared for Michael for a two-week period when he was eight months old and had never even met Anna Maria. According to petitioner her lack of physical contact with decedent's family was predominately due to the transient nature of her husband's business, warranting several moves of her residence between 1986 and 1996. She contended, however, that she kept in touch through phone calls and presents.

Respondent, the father of six children resulting from one marriage and two extramarital relationships,[1] was with decedent for approximately four years before her death. Although respondent contends that he and his family were involved in the daily lives of these children, police reports from February 1993, September 1993, October 1993, March 1994 and December 1994 reveal the long-standing intense domestic violence that marked this relationship. Most recently, decedent was reported to have punctured respondent's arm with a knife in self-defense; on April 2, 1995, respondent was arrested and charged with assaulting decedent, resulting in his plea of guilty

1. The mother of his eldest son died in late May 1995 and was buried on the same day that decedent was killed. That child resides in New York. The mother of his older daughter, residing with her maternal grandmother in New York City, had also given birth to twins who had passed away along with their mother due to the AIDS virus.

to assault in the third degree.[2] Respondent also has a quarter-century history of substance abuse yet claims to have successfully completed treatment in 1989.[3]

As a result of testimony by a physician and nurse concerning respondent's inappropriate behavior with his children while in the hospital, as well as documented incidents of domestic violence, Family Court ordered an article 10 investigation (*see*, Family Ct Act § 1034). The report of such investigation indicated that respondent had attempted suicide by overdosing on alcohol and cocaine in 1988 and that all of his long-term relationships had ended due to alcohol and/or drug abuse. In 1991, he was administratively discharged from a drug and alcohol rehabilitation center due to, *inter alia*, confrontations with the staff and a failure to follow through with out-patient care. Respondent was also examined by Ronald Kamnik, a psychiatrist, who testified to respondent's history of cocaine, marihuana, alcohol use and rehabilitation attempts, ultimately diagnosing him as primarily suffering from alcohol-induced mood disorder evidenced by impulse control problems and depression, with cocaine and marihuana dependence in remission as a secondary diagnosis. Finally, he opined that respondent needed to concentrate on his own rehabilitation rather than attempt to cope with parenting two small children alone.

A child protective intake worker testified to indicated hotline reports between 1992 and 1995 detailing physical violence engaged in by respondent in the presence of the children. The frequency and magnitude of this violence was confirmed by respondent's own witnesses, who testified that while respondent was a good father, the relationship between respondent and decedent was "stormy and violent".

Testimony revealed that after placement in petitioner's home, Michael engaged in behaviors warranting a request by petitioner to have him professionally evaluated. According to Andrea Goldberg, a clinical social worker in private practice and experienced in sexual abuse assessment and treatment, Michael had been exposed to chronic family violence, may have been sexually abused and was frightened of both respondent and of men in general. At the conclusion of the hearing and in accordance with the recommendation of the Law Guardian, Family Court granted custody to petitioner, prompting this appeal.

---

**2.** It was this last incident that resulted in the temporary order of protection for decedent and the children which was still in effect at the time of the children's admission to the hospital.

**3.** Decedent's petition for sole custody, dated April 3, 1995, alleged that respondent used marihuana on a weekly basis and was an active alcoholic.

Our independent review of this record fully supports the determinations rendered by the Family Court (*see, Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d 807; *Matter of Lucas v Hunt*, 177 AD2d 861). In reviewing whether "extraordinary circumstances" support this award of custody to a nonparent (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543; *Matter of William L. v Betty T.*,243 AD2d 860; *Matter of Zamoiski v Centeno*, 166 AD2d 781, *lv denied* 77 NY2d 803), we find that petitioner fully sustained her burden (*see, Matter of Judware v Judware*, 197 AD2d 752). Fully noting that it was not entirely respondent who was responsible for the level of violence in the home, testimony of neighbors, the police and social workers demonstrate that these children were routinely exposed to verbal altercations coupled with violence while in the care of respondent. With respondent's continued denial of responsibility, found to be incredible by Family Court (*see, Matter of Zamoiski v Centeno, supra*), and his 26-year history of alcohol and cocaine abuse, impulse control problems and depression, we find that the court correctly concluded that due to the specific needs of these children, an award of custody to respondent "would drastically affect the welfare of the[se] child[ren]" (*Matter of Bisignano v Walz*, 164 AD2d 317, 318; *see, Matter of Bennett v Jeffreys, supra*). Having found the existence of extraordinary circumstances sufficient to deprive respondent of custody, the court appropriately engaged in a "best interest" analysis.

Petitioner and her husband of 15 years, along with their two school-aged children, have demonstrated a clear commitment to fulfilling Michael and Anna Maria's significant emotional needs, compounded by the death of their mother. Upon finding that Family Court appropriately considered factors including the relative stability of the home environment and the availability of parental guidance to provide for the intellectual, emotional and developmental needs of the children (*see, Eschbach v Eschbach*, 56 NY2d 167; *Freiderwitzer v Freiderwitzer*, 55 NY2d 89), we find the presence of substantial evidence to support the award of custody to petitioner. We accordingly affirm Family Court's order in its entirety.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.