■ In the Matter of JENNIFER LEONARD, Appellant, v KIM DeGEORGE-SIMPSON, Respondent. [671 NYS2d 308] —In a proceed-

ing pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Garvey, J.), dated August 1, 1996, as, after a hearing, denied her petition for custody, directed that custody of the subject child remain with his paternal aunt, and denied her application for increased visitation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Custody matters are within the discretion of the Family Court and its findings should be accorded great weight on appeal since it was in the best position to evaluate the testimony, character, and sincerity of the parties (*see, Eschbach v Eschbach,* 56 NY2d 167, 173-174; *Klat v Klat,* 176 AD2d 922). Its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see, Matter of Nellie R. v Betty S.,* 187 AD2d 597).

Here, the hearing evidence establishes that there were extraordinary circumstances to rebut the presumption in favor of the mother and turn the custody inquiry to one of the best interests of the child (*see, Matter of Bennett v Jeffreys,* 40 NY2d 543). There is no basis to disturb the Family Court's determination in this case as it is in the best interests of the child to be placed with his paternal aunt (*see, Eschbach v Eschbach, supra,* at 171). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.