In the Matter of ERNEST TOMPKINS et al., Respondents, v KENNETH STERLING et al., Appellants. (Proceeding No. 1.) In the Matter of KENNETH STERLING et al., Appellants, v ERNEST TOMPKINS et al., Respondents. (Proceeding No. 2.) [699 NYS2d 890] —In two related child custody proceedings pursuant to Family Court Act article 6, the parents appeal from so much of an order of the Family Court, Putnam County (Braatz, J.), entered February 28, 1997, as awarded permanent custody of their twin sons to the maternal grandparents.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The twin boys at the center of this custody dispute have lived with the maternal grandparents since their birth on May 10, 1993. In June 1995, the biological mother, who is mildly retarded, married the biological father, and in October 1995, she tried to regain custody of the twins but the maternal grandmother refused to give them up. The biological parents then commenced a proceeding in Family Court, seeking exclusive legal and physical custody, and the maternal grandparents commenced a separate proceeding seeking the same relief for themselves. After hearing testimony from the parties, the court-appointed psychiatrist, and several caseworkers, the Family Court awarded custody to the grandparents with extensive visitation to the parents.

The record reveals that both parents have cognitive limitations and are ill-equipped to care for the twins, who themselves have special needs based upon their own delayed development. Taken together, these factors provide an ample basis for the Family Court's conclusion that there are extraordinary circumstances requiring that the issue of custody be determined in accordance with the best interests of the children (*see, Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Gambino v Vargas,* 209 AD2d 893). Moreover, we agree with the Family Court that it is in the best interests of the twins to remain with their grandparents and half-siblings, with whom they have lived their entire lives (*see, Matter of Moore v McClenos,* 259 AD2d 752; *Matter of Karen D. v Florence D.,* 210 AD2d 165).

Inasmuch as the Family Court is in the best position to evaluate the testimony, character, temperament, and sincerity of the parties, its findings are entitled to great weight and should be set aside only if, unlike here,. they lack a sound and substantial basis in the record (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Klat v Klat,* 176 AD2d 922; *Matter of Coyne v Coyne,* 150 AD2d 573). Santucci, J. P., Joy, Florio and Luciano, JJ., concur.