◼ In the Matter of PATRICIA RUDY et al., Appellants, v JENNIFER MAZZETTI, Respondent. [774 NYS2d 171]—

In a guardianship proceeding pursuant to Family Court Act article 6, the petitioners appeal, as limited by their brief, from so much of an order of the Family Court, Dutchess County (Brands, J.), dated March 4, 2003, as awarded custody of their grandchildren to the natural mother.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that, as between a parent and a nonparent, the parent has the superior right to custody that cannot be

denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 546 [1976]; *Matter of Dungee v Simmons,* 307 AD2d 312 [2003]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Darlene T.,* 28 NY2d 391, 394 [1971]). Once there is a finding of extraordinary circumstances, a best interests determination is triggered (*see Matter of Williams v Dunston,* 202 AD2d 681, 682 [1994]; *Matter of Nadia Kay R.,* 125 AD2d 674, 678 [1986]).

Here, the Family Court determined that the grandparents failed to make a threshold showing of the existence of extraordinary circumstances. Such factual findings, which are predicated on the Family Court's evaluation of the testimony, character, temperament, and sincerity of the parties, are entitled to great deference and may not be set aside where, as here, they have a sound and substantial basis in the record (*see Matter of Scala v Parker,* 304 AD2d 858, 859 [2003]; *Matter of Cole v Goodrich,* 272 AD2d 792, 793-794 [2000]; *Matter of Tompkins v Sterling,* 267 AD2d 315, 316 [1999]).

The petitioners' further contention that the Family Court erred in failing to, sua sponte, conduct an in camera interview of the children (who were, respectively, seven and four years old at the time) has not been preserved for appellate review (*see Matter of Nielsen v Nielsen,* 225 AD2d 1050 [1996]; *Matter of Newton v Newton,* 210 AD2d 337 [1994]). In any event, this contention is without merit. The decision to conduct an in camera interview of children involved in custody proceedings is a matter committed to the sound discretion of the Family Court (*cf. Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-74 [1969]). Where, as here, the children are of very young age, and neither the parties nor the Law Guardian requests an in camera interview, the Family Court's failure to conduct such an interview, sua sponte, does not constitute an improvident exercise of discretion (*see Matter of Thompson v Thompson,* 267 AD2d 516, 519 [1999]; *Matter of Farnham v Farnham,* 252 AD2d 675, 677 [1998]).

Contrary to the petitioners' contentions, the Family Court's determination not to follow the Law Guardian's recommendations was not arbitrary (*see Matter of Johnson v Johnson,* 309 AD2d 750, 751 [2003]; *Matter of Martin V. v Karen Beth G.,* 305 AD2d 305, 306 [2003]; *Matter of Griffin v Scott,* 303 AD2d 504, 505 [2003]).

The petitioners' remaining contentions are without merit. Ritter, J.P., S. Miller, H. Miller and Crane, JJ., concur.