In the Matter of Dolores Miller, Respondent, v Norman Michalski, Appellant. [782 NYS2d 469]—

Appeal from an order of the Family Court, Erie County (Janice M. Rosa, J.), entered August 15, 2002 in a proceeding pursuant to Family Ct Act article 6. The order granted petitioner custody of respondent's child and granted supervised visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We agree with respondent that Family Court erred in awarding custody of his child to petitioner, the child's paternal aunt, "without first considering whether extraordinary circumstances exist to deprive [respondent] of [his] superior right to custody" (*Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291 [1996]). Nevertheless, the record before us is sufficient to determine whether extraordinary circumstances exist, and we therefore determine that issue in the interest of judicial economy (*see id.* at 292; *cf. Matter of Lewis v Johnson*, 302 AD2d 756, 757-758 [2003]). The record establishes that respondent, who was 65 years old at the time of the hearing, has an IQ of 66 and a developmental disability described as globally impaired cognitive functioning; that respondent has never had custody of the child; that respondent could not, without assistance, successfully accomplish simple tasks such as changing the child's diaper; that respondent is not eligible for services through Community Services for the Developmentally Disabled; and that the child is psychologically attached to petitioner and is doing well in petitioner's care. We conclude that those facts, considered together, constitute extraordinary circumstances warranting consideration of the best interests of the child (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]; *Michael G.B.*, 219 AD2d at 293; *Matter of Pauline G. v Carolyn F.*, 187 AD2d 589 [1992]; *Matter of Mary H. v Helen P.*, 131 AD2d 571 [1987]). We further conclude that the court's award of custody to petitioner has a sound and substantial basis in the record, and we decline to disturb it (*see White v White*, 209 AD2d 949, 950 [1994], *lv dismissed* 85 NY2d 924 [1995]). Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.