In the Matter of PATSY CAMPO, Respondent, v ISAAC CHAPMAN, Appellant. (Proceeding No. 1.) In the Matter of ISAAC CHAPMAN, Appellant, v PATSY CAMPO, Respondent. (Proceeding No. 2.) [805 NYS2d 121]—

In four related child custody proceedings pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Kings County (Goldstein, R.), dated September 22, 2004, as awarded permanent custody of the subject children to the maternal grandmother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"[A]s between a parent and a nonparent, the parent has the superior right of custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Rudy v Mazzetti*, 5 AD3d 777, 777-778 [2004]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]).

The record reflects that the father has a history of domestic violence and drug use. Moreover, he has never paid any child support, has manifested only a limited and sporadic interest in the children's educational and medical needs, and has repeatedly failed to attend scheduled visits. Moreover, there is ample evidence that the children have developed a strong emotional bond with their maternal grandmother, who has supported and cared for them since 1996. On this record, we find that the maternal grandmother sustained her burden of establishing extraordinary circumstances (*see Matter of Parker v Tompkins*, 273 AD2d 890 [2000]; *Matter of Benzon v Sosa*, 244 AD2d 659, 662 [1997]; *Matter of Benjamin B.*, 234 AD2d 457, 458 [1996];

*Matter of Antionette M. v Paul Seth G.,* 202 AD2d 429 [1994]; *Matter of Carolyn F. v Pauline G.,* 187 AD2d 589, 590 [1992]; *Matter of Zamoiski v Centeno,* 166 AD2d 781, 783 [1990]; *Matter of Scott L. v Bruce N.,* 126 AD2d 157, 162 [1987]).

Where, as here, extraordinary circumstances are present, the court must then go on to consider the best interests of the child in awarding custody (*cf. Matter of Rudy v Mazzetti, supra* at 778). We are satisfied that the Family Court's determination that the children should remain in the custody of the maternal grandmother has a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Zafran v Zafran,* 306 AD2d 468, 469 [2003]; *Matter of Nellie R. v Betty S.,* 187 AD2d 597, 598 [1992]).

The father's remaining contentions are without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.