■ In the Matter of SEKOU E. (Proceeding No. 1.) In the Matter of RUTH C., Respondent, v GREGORY E., Appellant. (Proceeding No. 2.) [822 NYS2d 117]—

In a child custody proceeding pursuant to Family Court Act article 6, and a related neglect proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (DePhillips, J.), dated May 6, 2005, which, after a hearing, awarded custody of the child to the maternal great-grandmother.

Ordered that the order is affirmed, with costs.

In a custody proceeding between a parent and a nonparent, "the parent has a superior right of custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Campo v Chapman,* 24 AD3d 439 [2005]; *see Matter of Rudy v Mazzetti,* 5 AD3d 777, 777-778 [2004]; *see Matter of Bennett v Jeffreys,* 40 NY2d 543, 545-546 [1976]).

Here, the Family Court took judicial notice of a prior finding of neglect against the father, wherein the father admitted to committing several acts of excessive corporal punishment against the child. The record also reflected that the father committed subsequent acts of excessive corporal punishment against the child. Thus, the maternal great-grandmother sustained her burden of establishing extraordinary circumstances (*see Matter of Bennett v Jeffreys, supra; Matter of Carosi v Bloom,* 225 AD2d 692 [1996]; *Matter of William L. v Betty T.,* 243 AD2d 860, 862 [1997]; *Matter of Curry v Ashby,* 129 AD2d 310, 318 [1987]).

Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (*see Matter of Bennett v Jeffreys, supra* at 548). We are satisfied that the Family Court's determination that the child should remain in the custody of the maternal great-grandmother has a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]; *Matter of Campo v Chapman, supra* at 440; *Matter of Gilleo v Lienhard,* 19 AD3d 490 [2005]). Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.