In the Matter of NICHOLAS J. DELLOLIO et al., Respondents, v BRIAN TRACY, Respondent, and LORI TRACY, Appellant. (Proceeding No. 1.) In the Matter of BRIAN TRACY, Petitioner, and LORI TRACY, Appellant, v NICHOLAS J. DELLOLIO et al., Respondents. (Proceeding No. 2.) [825 NYS2d 783]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), dated August 23, 2005, which, after a hearing, denied her petition and granted the petition of the maternal aunt and uncle for custody of the subject child.

Ordered that the order is affirmed, without costs and disbursements.

"[A]s between a parent and a nonparent, the parent has the superior right of custody that cannot be denied unless the

nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Campo v Chapman*, 24 AD3d 439 [2005] [internal quotation marks omitted]; *see Matter of Rudy v Mazzetti*, 5 AD3d 777, 777-778 [2004]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]). Here, the maternal aunt and uncle of the child, who have supported and cared for her since the mother and father consented to their guardianship of the child when she was seven months old, satisfied their burden of establishing extraordinary circumstances on the basis of the demonstrated parenting limitations of the parents, the father's lengthy history of substance abuse, and the strong emotional bond that the child, who is now nearly four years old, has developed with them and their daughter (*see Matter of Campo v Chapman, supra; Matter of Miller v Michalski*, 11 AD3d 1029, 1030 [2004]; *Matter of Koch v Andres*, 299 AD2d 411, 411-412 [2002]; *Matter of Tompkins v Sterling*, 267 AD2d 315 [1999]).

Inasmuch as the Family Court is in the best position to evaluate the testimony, character, temperament, and sincerity of the parties, its findings are entitled to great weight and should be set aside only if they lack a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Matter of Leonard v DeGeorge-Simpson*, 249 AD2d 475, 476 [1998]; *Matter of Moore v McClenos*, 259 AD2d 752 [1999]). The Family Court's determination that the best interests of the child require that she remain in the custody of the maternal aunt and uncle has such a basis (*see Matter of Campo v Chapman, supra; Matter of Miller v Michalski, supra; Matter of Koch v Andres, supra*). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.