In a child custody proceeding pursuant to Family Court Act article 6, and a related guardianship proceeding pursuant to Family Court Act article 6, the father appeals (1) from an order of the Family Court, Kings County (Katz, J.), dated May 10, 2012, under docket No. G-19295-08, which granted the petition of the maternal grandmother for her appointment as the permanent guardian of the person of the subject child, and (2), as limited by his brief, from so much of an order of the same court, also dated May 10, 2012, under docket No. V-19511-08, as, in effect, denied that branch of his petition which was for custody of the subject child.
Ordered that the order dated May 10, 2012, under docket No. G-19295-08, is affirmed, without costs or disbursements; and it is further,
Ordered that the order dated May 10, 2012, under docket No. V-19511-08, is affirmed insofar as appealed from, without costs or disbursements.
*730 “[A]s between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances” (Matter of Rudy v Mazzetti, 5 AD3d 777, 777-778 [2004]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546 [1976]; Matter of Campo v Chapman, 24 AD3d 439 [2005]). Here, the maternal grandmother of the subject child satisfied her burden of establishing extraordinary circumstances on the basis of the evidence as to the father’s history of substance abuse and failure to comply with mental health treatment, the father’s criminal history and history of domestic violence, the father’s inability to support the child, and the grandmother’s demonstrated ability to care for the child’s extraordinary special needs, as well as the strong emotional bond that the child has developed with the grandmother (see Matter of Cockrell v Burke, 50 AD3d 895, 896-897 [2008]; Matter of Dellolio v Tracy, 35 AD3d 737, 738 [2006]; Matter of Campo v Chapman, 24 AD3d at 439-440; Matter of Koch v Andres, 299 AD2d 411, 411-412 [2002]).
Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946 [1985]; Matter of Leonard v DeGeorgeSimpson, 249 AD2d 475, 476 [1998]). Here, the Family Court’s determination that the best interests of the child require that he be placed in the permanent guardianship of the maternal grandmother had a sound and substantial basis in the record (see Matter of Cockrell v Burke, 50 AD3d at 897; Matter of Dellolio v Tracy, 35 AD3d at 737-738; Matter of Campo v Chapman, 24 AD3d at 440; Matter of Koch v Andres, 299 AD2d at 412). Rivera, J.E, Dillon, Roman and Miller, JJ., concur.