■ In the Matter of MICHAEL PAUL T., Respondent, v THOMAS R., et al., Appellants. In the Matter of MICHAEL R. R. et al., Appellants.

On July 2, 1985 Michael T. commenced a habeas corpus proceeding against the maternal grandparents for custody of his son, and on August 7, 1985 the maternal aunt and uncle, Michael and Barbara R., petitioned for custody. A hearing was held in Supreme Court on August 28, 1985, and on March 28, 1986 Supreme Court ruled that extraordinary circumstances had not been shown, so that the court could not reach the issue of the best interests of Eric, in accordance with *Matter of Bennett v Jeffreys* (40 NY2d 543). The court awarded custody of Eric to the father, Michael T.

The court found that after Suzanne moved to New York, Michael persisted in attempting to convince her that they should marry and settle in Colorado, where he had favorable employment opportunities, and that he made at least three trips to New York to discuss this and see Eric. Michael sent Eric gifts and maintained contact by telephone. The court

found that the record failed to establish surrender of custody to a nonparent, abandonment, or unfitness of the father, and noted that although Michael never supported Eric, support was neither requested nor required.

The court erred in failing to consider that *Matter of Bennett v Jeffreys (supra,* pp 544, 550) explicitly held that prolonged separation of parent and child for most of the child's life is a significant consideration in determining that extraordinary circumstances exist, along with the parent's lack of an established household of his own, his unwed state, and the attachment of the child to the custodian. We find that the circumstances here are within the ambit of "unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" *(Matter of Bennett v Jeffreys, supra,* p 549). We remit the matter to Supreme Court for a hearing before a different Judge to determine what custodial arrangement would now be in Eric's best interest. (Appeal from order of Supreme Court, Wyoming County, Dadd, J.—custody.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.