■ In the Matter of PATRICIA MILLIGAN, Respondent, v PATRICIA ENGLISH, Appellant.—Order unanimously affirmed without costs. Memorandum: Petitioner, who had consented to the issuance of letters of guardianship of her infant daughter to respondent, commenced this action to regain custody of her daughter after respondent removed herself and the child from the State. Respondent is a former friend of petitioner, not related to either petitioner or the child.

After an extensive hearing, Family Court awarded custody of the child to petitioner mother, finding specifically that there existed no extraordinary circumstances "on a level with unfitness, abandonment, persistent neglect or other gross misconduct or grevious [sic] cause" to warrant depriving the natural parent of her child's custody. In so finding, the court concluded that it need not, indeed, could not, reach the question of the best interests of the child. We agree.

Only in situations where there has been a showing of such unfitness, gross misconduct or extraordinary circumstances which would warrant a forfeiture of parental rights need inquiry be made as to the child's best interests (Matter of Bennett v Jeffreys, 40 NY2d 543, 548). "Otherwise, the question of best interests itself is not even reached. (Matter of Merritt v Way, 58 NY2d 850.) For once it is found that the parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived the custody of his or her child" (Matter of Male Infant L., 61 NY2d 420, 427). We reject respondent's argument that petitioner's consent to have guardianship of her daughter transferred to respondent is tantamount to a finding of abandonment or surrender. Petitioner was young, unmarried and immature at the time her daughter was born, and allowed respondent, an older woman with children, to share child-care responsibilities with her. She testified that she consented to the transfer of guardianship so respondent could sign medical consent forms, and that the transfer was never intended to be permanent. Respondent assured her that the guardianship was revocable at any time. At the time of the transfer, petitioner was not represented by legal counsel, no hearing was held in Surrogate's Court and the gravity of her actions was not apparent to her. Moreover,

petitioner never abandoned her daughter. Respondent concedes that even after guardianship was transferred, petitioner continued to see her daughter virtually on a daily basis.

We find no impediment to the jurisdiction of Family Court to conduct these proceedings created by the letters of guardianship issued by the Surrogate in 1982. No hearing was conducted in Surrogate's Court concerning the natural mother's fitness, because guardianship was relinquished by consent *(see, Matter of Eden M. v Ines R.,* 97 Misc 2d 256). Respondent fully participated in the proceedings in Family Court and raises the jurisdictional argument, citing no authority for the first time on appeal. The argument is without merit. (Appeal from order of Erie County Family Court, Notaro, J.—custody.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.