■ In the Matter of THOMAS MAHONEY, Respondent, v ROBIN MARRANO, Appellant.—Order unanimously affirmed without costs. Memorandum: The record supports the court's determination that a transfer of custody to petitioner is in the best interests of the children. In this proceeding to change custody, among the circumstances to be considered are the desirability of continuing the existing custody arrangement for the sake of stability, the custodial parent's removal of the children from the jurisdiction, the stated preferences of the children, and the relative fitness of the parents to provide for the children's well-being *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 248-251). Factors which bear on a parent's fitness include his or her financial status, capacity to provide for the children's emotional and intellectual development, and inclination to encourage regular contact with the noncustodial parent that is the joint right of the children and the other parent *(Eschbach v Eschbach,* 56 NY2d 167, 171; *Weiss v Weiss,* 52 NY2d 170; *Daghir v Daghir,* 82 AD2d 191, 193-194, *affd* 56 NY2d 938).

Examining the record with those factors in mind, we find that respondent embarked on a course of conduct designed to deny petitioner his visitation rights. Without notifying petitioner, respondent removed the children from New York and went to live in a religious commune in Island Pond, Vermont. Petitioner visited the children there on three occasions but was then told by elders of the commune that he was no longer welcome and that they would not permit him to take the children for a visit. During her testimony respondent admitted that the children accompanied her to New York for the hearing but that she failed to inform petitioner of their presence. She also admitted that she did not want the children exposed to the differing philosophies attendant upon the parties' life-styles and that she did not think they should resume visitation with their father until they had time to be established in the commune philosophy and until they took on "the mind that I am putting into them." Such interference with the joint visitation rights of the children and petitioner is so inconsistent with the best interests of the children that

such action, by itself, raises a strong probability that the party engaging in such conduct is unfit to be the custodial parent (see, *Daghir v Daghir, supra; Entwistle v Entwistle,* 61 AD2d 380, 384-385, *appeal dismissed sub nom. Entwhistle v Entwhistle,* 44 NY2d 851).

In addition, it is clear that respondent has delegated her parental authority and responsibility to the elders of the commune. It was the elders who informed petitioner that he could no longer visit the commune and prevented him from taking the children with him. Respondent admitted that before discussing the matter of custody with petitioner, she and the elders reached a mutual decision and the elders participated in all discussions between the parties with regard to the children's welfare. Such abdication of parental responsibility is clearly not in the best interests of the children.

Perhaps the controlling factor, however, is the widely disparate environments in which petitioner and respondent propose to raise the children. Living in the commune, the children would be insulated from the "world" in that they are discouraged from going into the nearby town and are taught to distrust the world as a place full of sin. Serious questions were raised as to the adequacy of the schooling the children were receiving in the commune. Quite apart from the possible inadequacy of the educational system to prepare the children intellectually for higher educational opportunity, the commune's attitude appears harmful since it fails to prepare the children to lead productive lives in the outside world if and when they choose to leave the commune. The record reveals numerous factors and circumstances which, in their totality, compel a determination that the best interests of the children will be served by the transfer of custody to the petitioner. (Appeal from order of Wyoming County Family Court, Sprague, J.—modification of custody.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.