■ In the Matter of WENDY WOODHOUSE, Appellant, v GLORIA CARPENTER et al., Respondents.—Order unanimously reversed on the law without costs and petition granted. Memorandum: The trial court made no factual findings to support its conclusion that exceptional circumstances exist to deprive the natural mother of custody *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543), and we conclude that the record fails

to support such determination. Although petitioner was separated from her son for nearly four years, she maintained constant contact with him and exercised meaningful, though infrequent, visitations while residing in Wyoming. Upon her return to New York, she maintained regular and frequent visitation with her son and has established a loving parent-child relationship. There is no demonstration that petitioner has exhibited utter indifference toward her son or that granting her petition would "drastically affect the welfare of the child" *(Matter of Bennett v Jeffreys, supra,* at 549; *Matter of Michael Paul T. v Thomas R.,* 124 AD2d 970, 971). In a dispute between the natural mother and paternal grandmother, the issue is not whether the grandmother has also established a close bond with the child or whether she might be a better parent *(see, Matter of Bennett v Jeffreys, supra,* at 549). Absent a showing of extraordinary circumstances sufficient to deprive the natural parent of a superior right to custody, the question of best interests of the child is not reached *(Matter of Male Infant L.,* 61 NY2d 420, 427). (Appeal from order of Ontario County Family Court, Reed, J.—custody.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.