■ In the Matter of CLIFFORD VAN GORDER, Appellant, v ANN VAN GORDER, Respondent.—Order unanimously reversed on the law without costs and matter remitted to Steuben County Family Court for further proceedings in accordance with the following Memorandum: The parties were married on July 12, 1975. Two children were born of the marriage: Michael on November 15, 1976, and Kasey on November 25, 1980. The parties were divorced on July 17, 1986. At that time, they stipulated that respondent-mother would have custody of the children with reasonable visitation to petitioner. Respondent and the children reside in a two-bedroom apartment in Avoca. In 1989, Andrew Saxton, respondent's boyfriend, moved into the apartment, along with his 11-year-old daughter.

In May and June 1991, Kasey ran away from home and walked to her father's home in Bath. Although Kasey eventually returned to respondent's home, petitioner commenced this proceeding seeking to obtain custody of her. Following a hearing, Family Court dismissed the petition on the ground that Kasey had returned to respondent's home.

In proceedings seeking modification of custody, the court's focus should be on the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171). When the parties have agreed to custody, that factor should be given weight by the court *(Eschbach v Eschbach, supra; see also, Martin v Martin,* 74 AD2d 419, 426). Other factors to be considered by the court are the stated preference of the child and the relative fitness of the parents to provide for the child's well-being *(Matter of Mahoney v Marrano,* 134 AD2d 834). "Factors which bear on a

parent's fitness include his or her financial status, capacity to provide for the children's emotional and intellectual development, and inclination to encourage regular contact with the noncustodial parent that is the joint right of the children and the other parent" *(Matter of Mahoney v Marrano, supra,* at 834; *see also, Eschbach v Eschbach, supra,* at 171).

Family Court made no findings of fact, but based its decision exclusively on the fact that Kasey had returned to her mother's home. Consequently, we cannot ascertain whether the court considered the appropriate factors in arriving at its decision. Where the record is sufficiently complete, this Court may make its own custody determination "in the interest of judicial economy and to avoid further delay" *(Matter of Milton v Dennis,* 96 AD2d 628). The record, however, is not sufficient, so we remit the matter to Family Court for further proceedings.

Although the long-standing custody arrangement supports respondent's continued custody of Kasey, the record before us raises serious concerns about respondent's fitness to provide for Kasey's well-being. Respondent has allowed her boyfriend and his daughter to share a two-bedroom apartment with her and her children. Respondent's boyfriend does not work, has a drinking problem and, in fact, was incarcerated on a DWI charge in June 1991. His daughter has serious academic problems. Kasey's latest report card included failing grades in three subjects. Petitioner's home was described as being much larger than respondent's and shared by fewer people. There were allegations at the hearing of problems with petitioner's home life also. Upon remittal, Family Court should order home studies to obtain the information necessary to making a reasoned custody determination.

Family Court should also interview Kasey in camera to determine her wishes on the custody issue. The preference of a 12-year-old child would not be determinative, but it would be a factor for the court to consider *(see, Matter of Estes v Estes,* 112 AD2d 568, 569; *see also, Fox v Fox,* 177 AD2d 209). Although Family Court appointed a Law Guardian for Kasey, the Law Guardian did not participate in the hearing or on this appeal. Upon remittal, Family Court should appoint a different Law Guardian, who should take an active role in assisting the court to make a determination in Kasey's best interest. In making the determination, Family Court should consider the appropriate factors and make specific findings of fact to facilitate appellate review. (Appeal from Order of

Steuben County Family Court, Purple, Jr., J.—Custody.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.