■ In the Matter of TINA WILLIAMS, Respondent, v SAMUEL L. DUNSTON, SR., Appellant. [609 NYS2d 643] —In a proceeding pursuant to Family Court Act article 6 to transfer custody of a child to his mother and pursuant to the Surrogate's Court Procedure Act article 17, and to revoke letters of guardianship issued by the Family Court to the child's paternal grandfather, the paternal grandfather appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Cozier, J.), dated September 14, 1992, as granted custody to the mother and terminated the letters of guardianship.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The child whose custody is in dispute was born on August 19, 1985, to the petitioner and Samuel Octavian Dunston, II, who never married. The child lived in Brooklyn with both of his parents for the first three or four months of his life. Then, the mother returned to her mother's home with the child, while the father moved to his father's residence. In the spring of 1986, the father took the child to live with him, pursuant to an ex parte court order. The mother sought return of the child and, through 1986 and 1987, the parties litigated the custody and support of the child, with custody going back and forth under temporary court orders. In September 1988, when the child was about three years old, the mother gave physical custody to his father while she participated in a residential drug rehabilitation program. She admitted that she had been using cocaine, crack cocaine, and alcohol. In July 1989 the father died. In October 1989 the grandfather made an ex parte application for guardianship, apparently without notice to the mother or a hearing, and the Family Court issued letters of guardianship in his favor. Throughout the years, the mother had maintained constant telephone contact and regularly enjoyed overnight visitation with the child. In July 1990

she filed a petition for custody of the child and to revoke the letters of guardianship.

The State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other extraordinary circumstances *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). If any of such extraordinary circumstances are present, the disposition of custody is influenced or controlled by what is in the best interest of the child. Here, there is no question of surrender, abandonment, or persisting neglect on this record *(see, Matter of Dickson v Lascaris,* 53 NY2d 204; *Matter of Sanjivini K.,* 47 NY2d 374, 381-382; *Matter of Milligan v English,* 132 AD2d 967). The mother has never been adjudged neglectful or unfit and we agree with the court's determination, after a fact-finding hearing, that the mother is a fit parent. Thus, the court need not have reached the question of best interests where there has been no showing of such unfitness, gross misconduct, or extraordinary circumstances which would warrant a forfeiture of parental rights *(see, Matter of Male Infant L.,* 61 NY2d 420; *Matter of Bennett v Jeffreys, supra; Matter of Milligan v English, supra).* "For once it is found that the parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived the custody of his or her child" *(Matter of Male Infant L., supra,* at 427).

Therefore, the Family Court properly terminated the grandfather's letters of guardianship and returned custody of the child to his mother. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.