■ JAMES M. FRANCIS, Respondent, v KATHLEEN FRANCIS, Appellant. (Appeal No. 1.) [625 NYS2d 778] —Judgment unanimously modified on the law and as modified affirmed with costs to defendant and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant, as limited by her brief (see, Ciesinski v Town of Aurora, 202 AD2d 984), appeals from those parts of the judgment of divorce that split custody of the parties' two infant children and prohibited defendant's daughter from having contact with Allan Morton, an unrelated individual who had resided in defendant's home. The court did not conduct a hearing on the custody issue, nor did the parties stipulate to the split custody arrangement. The record contains no evidence from which the court could determine that the custody determination would be in the best interests of the children (see, Matter of Graci v Graci, 187 AD2d 970, 971; see also, Fox v Fox, 177 AD2d 209, 210). Further, there is no indication that, in making the custody determination, the court considered the relevant factors, including the preference for keeping siblings together (see, Eschbach v Eschbach, 56 NY2d 167, 173; Fox v Fox, supra).

The court also erred in prohibiting defendant's daughter from having further contact with Allan Morton in the absence of proof concerning the effect of Morton's presence in defendant's home on the best interests of defendant's daughter (cf., Van Gorder v Van Gorder, 188 AD2d 1049, 1050). We, therefore, modify the judgment on appeal by vacating the third and fifth decretal paragraphs, and we remit the matter to Supreme Court for a hearing before a different Judge to determine which custodial arrangement would serve the best interests of the children. (Appeal from Judgment of Supreme Court, Herkimer County, Tenney, J.—Custody.) Present— Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.