In the Matter of CHARLES C., Appellant, v BARBARA M. et al., Respondents. In the Matter of HAROLD E., an Infant. SAMUEL M. et al., Respondents; CHARLES C., Appellant. [678 NYS2d 421] —Order unanimously affirmed without costs. Memorandum: Charles C. (petitioner) is the father of a 12-year-old child who, since birth, has lived with Samuel M. and Barbara M., the maternal grandparents of the child (respondents). Three times during the course of this young child's life, petitioner has consented to the entry of permanent custody orders directing that the child live with respondents subject to petitioner's visitation. The last order, which was entered when the child was seven years old, modified an existing custody arrangement to allow petitioner to share joint legal custody with the child's mother and continued the child's residency with respondents pursuant to letters of guardianship. The present petitions seek to modify that previously agreed upon custody arrangement and to revoke the letters of guardianship so that the child may live with petitioner.

We reject petitioner's contention that Family Court erred in dismissing the petitions. In the absence of extraordinary circumstances, petitioner's right to custody of the child would be considered superior to that of respondents (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *Matter of Burghdurf v Rogers*, 233 AD2d 713, 714, *lv denied* 89 NY2d 810). However, such extraordinary circumstances are present here, based upon petitioner's voluntary surrender of the child at birth to live with respondents, the repeated relinquishment by petitioner of his right to have the child live with him and petitioner's consent to the letters of guardianship. Thus, consideration of the best interests of the child is appropriate (*see, Matter of Bennett v Jeffreys, supra*, at 548; *Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 293; *Matter of Zamoiski v Centeno*, 166 AD2d 781, 782-783, *lv denied* 77 NY2d 803). The child's mother and the Law Guardian each agree that the child's best interests would not be served by a change in residence. The evidence establishes that the child is doing well with respondents and that any change would be unnecessarily disruptive to him. While petitioner may be a fit parent, he has not established that a change in residency will substantially enhance the child's welfare (*see, Matter of Groth v Groth*, 239 AD2d 953). (Appeal from Order of Monroe County Family Court, Frawley, J. H. O.—Custody.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.