■ In the Matter of PATRICIA REXFORD, Appellant, v STEVEN REXFORD, Respondent. [704 NYS2d 767] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in granting the petition of respondent, Steven Rexford (Steven), to change custody of the parties' 10-year-old son, Donald. The parties were married on March 29, 1985, and Donald was born on March 26, 1989. A 1994 Family Court order awarding custody of Donald to petitioner, Patricia Rexford (Patricia), was "confirmed" in the judgment of divorce entered August 7, 1997. The child resided with Patricia from the time of the parties' separation, and Steven exercised frequent and regular visitation. When Steven filed the instant petition in September 1998 seeking custody, he was married, he and his wife were expecting a baby, and his wife's 12-year-old daughter resided with them. Patricia's 18-year-old daughter and two-year-old grandson resided with Patricia and Donald. In November 1998 Patricia's boyfriend and his 10-year-old daughter moved into Patricia's house. Shortly before the hearing, held on January 19, 1999, Patricia's daughter and grandson moved out of the home.

Steven, *pro se,* called Patricia as his only witness. Patricia admitted that she had an illegal space heater for a period of time in 1996 prior to installing the duct work for her furnace and that at times her daughter had an overnight male guest. Patricia also admitted that she worked approximately 50 to 55 hours per week and that she left for work at 4:30 A.M. From September 1998 until November 1998, when her boyfriend moved in, Patricia took Donald to a day care provider where he slept until it was time to get ready for school. In the previous school year, however, Patricia relied upon her daughter to awaken Donald and get him ready for school. Because of the daughter's failure to do so, a PINS petition was filed alleging excessive tardiness.

Patricia testified that she picks Donald up at day care be-

tween 5:00 and 5:30 P.M. and they have a family meal and spend the evening together. Patricia lives in the country and owns several animals that she and Donald care for together, including two horses, a pig and a dog. Patricia testified that both parents assist Donald with his homework.

Although Steven testified as Patricia's witness, he did not testify on his own behalf. He testified that Donald sleeps on a pull-out couch in his family room, but that he would build an addition to his home or buy another house if he is awarded custody of Donald.

The court determined that both parents are involved in Donald's life, and that both parents are loving and capable. It determined, however, that it would be more appropriate for Patricia to work 40 hours per week and that "the father would provide the most supervision and the more stable and nurturing home environment for the child." The court's decision indicates that Steven is self-employed as a carpenter and that his wife works part-time, and therefore one of them would be available at all times to care for Donald. There was, however, no evidence in the record to that effect. The court also considered information that was not part of the record on appeal, obtained from the child during an in camera interview in the absence of the child's Law Guardian. Although we recognize that the court was attempting to obtain information because the Law Guardian failed to provide a report as directed by the court, the court should have appointed another Law Guardian and erred in interviewing the child without a Law Guardian present (*see, Dwyer v De La Torre,* 252 AD2d 695, 696; *Matter of Van Gorder v Van Gorder,* 188 AD2d 1049, 1050).

" 'When there is no indication that a change in custody will substantially enhance the child's welfare [citation omitted] and the custodial parent is not shown to be unfit or less fit to continue as the proper custodian, the custody arrangement in place should not be disturbed' " (*Matter of Groth v Groth,* 239 AD2d 953, quoting *Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023). We conclude that, while Steven may be a fit parent, he has failed to establish either that a change in custody would substantially enhance Donald's welfare, or that Patricia was unfit or less fit to continue to have primary placement of Donald (*see, Matter of Charles C. v Barbara M.,* 254 AD2d 778). Thus, we reverse the order and dismiss the petition. (Appeal from Order of Chautauqua County Family Court, Claire, J.—Custody.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.