■ In the Matter of MICHELE COTE, Respondent, v GENEVIEVE BROWN, Appellant. [750 NYS2d 254] —Appeal from an order of Family Court, Oswego County (Hafner, Jr., J.), entered March 20, 2001, which, inter alia, returned physical custody of the children to petitioner at the end of the school year.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner-respondent (petitioner) was awarded custody of her two children after she and their father divorced. In January 1994, when the children were ages three and four, petitioner asked respondent-petitioner (respondent), the children's paternal grandmother, and respondent's husband

to care for the children while she attended college. While petitioner attended college, she visited the children regularly and paid child support. In April 1997 respondent was awarded physical custody of the children pursuant to an order entered upon the consent of petitioner. In May 1997 petitioner remarried and, in December 1997, she graduated from college with an Associate's degree.

In January 2000 petitioner commenced this proceeding seeking custody of her children. Respondent sought dismissal of the petition and in the alternative cross-petitioned for modification of the April 1997 custody order to award the parties joint legal custody, with physical custody to respondent. Following a hearing in February 2001 on the petition and cross petition, Family Court granted the petition and ordered that physical custody of the children be returned to petitioner at the end of the school year. The court concluded that respondent had failed to demonstrate that there were extraordinary circumstances justifying an award of physical custody to a non-biological parent (nonparent) in a custody dispute with a biological parent. We agree.

"It is a fundamental rule that a parent has a right to rear his [or her] child superior to that of a nonparent unless extraordinary circumstances are present" (*People ex rel. Anderson v Mott*, 199 AD2d 961, 961; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *Matter of Charles C. v Barbara M.*, 254 AD2d 778). "The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (*Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291; *see Matter of Gary G. v Roslyn P.*, 248 AD2d 980). A parent's voluntary relinquishment of physical custody of the child, when combined with other factors, may constitute extraordinary circumstances (*see Michael G.B.*, 219 AD2d at 293; *see also Bennett*, 40 NY2d at 550; *Charles C.*, 254 AD2d 778).

Although petitioner voluntarily relinquished physical custody of the children in 1994 and did not file the instant petition until January 2000, that period of separation alone does not establish the existence of extraordinary circumstances. Respondent and her husband conceded at the hearing that petitioner had been trying to regain custody for "more than a few years" before the hearing, but respondent had refused to return the children to her. The period of separation during which petitioner was trying to regain custody lawfully "is entitled to little, if any, consideration" (*Matter of Dickson v*

*Lascaris*, 53 NY2d 204, 210). Throughout the period of her separation from the children, petitioner visited the children regularly, provided for their support and worked to better herself by attending college (*see Matter of Sanjivini K.*, 47 NY2d 374, 378-379; *see also Matter of Woodhouse v Carpenter*, 134 AD2d 924; *Matter of Milligan v English*, 132 AD2d 967, 967-968). By the time petitioner sought to regain custody she had remarried and was living in an established household, and upon her graduation from college she had secured stable employment (*cf. Bennett*, 40 NY2d at 550; *Matter of Lucore v Lucore*, 280 AD2d 959; *Matter of Parker v Tompkins*, 273 AD2d 890, *lv denied* 95 NY2d 762). Thus, there is no basis on this record to conclude that the length of time that petitioner was separated from her children establishes the existence of extraordinary circumstances. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.