In the Matter of CARMEN RODRIGUEZ, Appellant, v MAGDALENA ALBINO, Respondent. (Appeal No. 1.) [778 NYS2d 373]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 23, 2003. The order dismissed the petition and directed that the child be returned to respondent mother.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the petition is reinstated, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking custody of her six-year-old granddaughter. She asserted in her respective petitions against respondent parents that she has been the child's caregiver for the last 1½ years and for prolonged periods in the past. Family Court erred in dismissing the petitions and summarily returning custody to respondent mother without affording petitioner the opportunity to present evidence in support of her petitions. Respondent mother, a resident of Puerto Rico, had previously permitted her child to reside with petitioner for periods of up to six months and, indeed, respondent mother brought the child to respondent father in Florida because she was unable to care for her. Respondent father also was unable to care for the child at that time, however, and he brought the child to petitioner, with whom she resided for the 1½ years immediately preceding the commencement of this custody proceeding. We note in addition that respondent mother did not seek the return of the child until petitioner commenced this custody proceeding.

We conclude that petitioner, by virtue of her prolonged de facto custody of the child, made the requisite showing of "unfitness, gross misconduct or extraordinary circumstances" that might warrant forfeiture of respondents' parental rights, and thus the court erred in failing to conduct an inquiry into the best interests of the child before removing the child from petitioner's custody (*Matter of Milligan v English,* 132 AD2d 967, 967 [1987]). The court returned the child to the custody of respondent mother without any information concerning the circumstances of respondent mother's abandonment of the child in Florida. Under the circumstances of this case, we reverse the order in each appeal, and we remit the matters to Family Court for a hearing to determine "the disposition that is in the best interest[s] of the child" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 548 [1976]; *see also Matter of Ronald F.F. v Cindy G.G.,* 70 NY2d 141, 144 [1987]; *Milligan,* 132 AD2d at 967). Present— Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.