OPINION OF THE COURT
Michael L. Hanuszczak, J.
*333 The petitioner filed a verified petition on October 5, 2005 seeking modification of the order directing custody and visitation, dated September 27, 2002. The petitioner is the great-grandmother of the subject child A.G. and the respondents are the subject child’s mother and father.
The petitioner appeared pro se, having been advised of her right to counsel; the respondent mother appeared, together with her attorney Karen M. Brandt, Esq.; the respondent father appeared, together with his attorney Hiscock Legal Aid Society, Christine S. Waters, Esq., of counsel; and the Law Guardian Catherine M. Sullivan, Esq. appeared.
On March 16, 2006, the matter proceeded to a hearing on the issue of whether the petitioner met her burden of proving that she has standing to bring a custody petition due to the existence of extraordinary circumstances. At the conclusion of the hearing, the attorneys for the respondents moved for an order of dismissal and the Law Guardian supported the dismissal of the petition.
The petitioner testified that the mother of the subject child deserted him when he was an infant until about age three and then deserted him again about three years ago. The petitioner testified that the mother resumed visits with her child last year. She testified that, about three years ago, the mother tied the child’s door shut and also that the mother neglected to provide appropriate medical attention for the child’s fungal condition. The witness also testified that the mother ignored the child on Mother’s Day for two years in a row and that the child was so disappointed that he threw his Mother’s Day gift and card away.
The petitioner testified that the father, petitioner’s grandson, and the subject child resided with her for extended periods of time throughout the child’s life and that the father lived with them “on and off.” The petitioner testified that the subject child was solely in her care from August 2004 until October 2005, at which time the child started to reside with the father. The petitioner testified that at first the father spent every night after work with the child but that she now fears that the father is going out to clubs and drinking on weekends and on Wednesdays.
The petitioner testified that she has been the primary caretaker of the subject child for much of his life and that, even now, the child telephones her to come pick him up, and he spends significant time at her residence. She testified that she *334 provided for the child’s food, clothing, and shelter expenditures when the child resided with her.
In a custody dispute between a parent and a nonparent, the court will not reach the issue of the best interests of the child until the nonparent demonstrates to the court that he or she has legal standing to file a custody lawsuit. (Matter of Titus v Guzzey, 244 AD2d 684 [1997]; Matter of Cote v Brown, 299 AD2d 876 [2002].) To demonstrate legal standing, the nonparent must establish to the court that the parent has relinquished the right to custody by means of surrender, abandonment, persistent neglect, parental unfitness, or other such extraordinary circumstances. (Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]; Matter of Michelle V. v Lillian P., 1 AD3d 272 [2003]; Matter of Rodriguez v Albino, 8 AD3d 1031 [2004].)
New York State law grants a grandparent automatic legal standing to pursue custody either if the child was separated from the parent and resided with the grandparent for a period of 24 continuous months or if the parents are deceased. (Domestic Relations Law § 72.) However, the statute does not apply to a great-grandparent. Similarly, there are no published court decisions concerning the issue of a great-grandparent’s standing to seek custody. Therefore, a great-grandparent seeking custody of a child must first surmount the Bennett v Jeffreys hurdle for legal standing.
In the instant proceeding, the court finds that the petitioner is an extremely credible witness and that her testimony was neither disputed nor rebutted. The court finds that there have been lengthy periods of time in which there was no, or sporadic, visitation with the child by the mother. The court also finds that the child resided alone with the petitioner for a lengthy period of time and at other times the child and his father resided with petitioner. The court finds that the petitioner acted as a surrogate parent to the child during extended periods of time. Based upon these findings, the court concludes that the petitioner has met her burden of demonstrating that there are extraordinary circumstances in this case and that she has standing to pursue custody of the child. The court will conduct a hearing to determine custody based upon an analysis of the best interests of the child.
Now, after a hearing and on due deliberation of the testimony, proof, papers, and pleadings before it, it is adjudged that the petitioner has demonstrated the existence *335 of extraordinary circumstances and established legal standing to pursue the custody petition; and it is ordered that the motion to dismiss the petition is denied.