Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about February 17, 2012, which, to the extent appealed from as limited by the briefs, denied the father’s petition for custody of his daughter, unanimously affirmed, without costs.
Family Court properly found that extraordinary circumstances exist to deprive the father of custody of his child (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Family Court *640 did not place undue emphasis on the father’s past criminal convictions of rape in the first degree and related crimes against four children, committed nearly 30 years earlier, or on his resulting level three sex offender status. Family Court appropriately considered this, along with other factors, in concluding that extraordinary circumstances exist (see e.g. Matter of Ruth L. v Clemese Theresa J., 104 AD3d 554, 555 [1st Dept 2013]). Family Court also considered the father’s voluntary relinquishment of physical custody of the child (see Matter of Cote v Brown, 299 AD2d 876 [4th Dept 2002]). Although the father claims that he had intended to surrender his then roughly seven-week-old child only temporarily because he was having fainting spells and was concerned for her welfare, he did not seek medical attention for his condition for nearly four months and did not initiate custody proceedings for almost two years. Family Court also appropriately considered the bond between the child and foster mother, with whom the child, now six years old, had lived since she was seven weeks old (Bennett, 40 NY2d at 550; see also Matter of Pauline G. v Carolyn F., 187 AD2d 589, 590 [2d Dept 1992]).
There is no basis to disturb Family Court’s determination that it is in the child’s best interests to remain with the foster mother (see Matter of Natasha Latoya T-M. v Michael Devonne M., 90 AD3d 536 [1st Dept 2011]). Family Court properly considered all relevant factors in making that determination and did not unduly focus on the foster mother’s material advantages or the father’s criminal history (see Bennett, 40 NY2d at 549, 551-552; see also Matter of Benjamin v Benjamin, 48 AD3d 912, 913 [3d Dept 2008]). Indeed, Family Court also considered, among other things, the expert’s recommendation that the child remain with the foster mother in light of the disruption and possible harm that the child might suffer if she were removed from her home, and in light of the father’s financial and housing circumstances. This case is distinguishable from Matter of Afton C. (James C.) (17 NY3d 1 [2011]) because Family Court did not solely rely on the father’s sex offender status and prior conviction. Family Court also cited the father’s excitability, evidenced in several incidents when the father became unjustifiably enraged in the child’s presence. Concur—Acosta, J.E, Renwick, Richter and Feinman, JJ.