■ In the Matter of NELLIE R., Respondent, v BETTY S., Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Pearce, J.), dated June 21, 1990, which, after a hearing, granted custody of certain of her children to the petitioner maternal grandmother.

Ordered that the order is affirmed, without costs or disbursements.

The children at issue in this custody proceeding were living with the petitioner maternal grandmother on an informal basis, i.e., not pursuant to court order, for several years, in the same small apartment building where the mother also lived. Thus, the children had daily access to both their mother and grandmother. Apparently because of the mother's mental health problems, i.e., a diagnosis of chronic paranoid schizophrenia requiring frequent hospitalization, and an inability to care for even her own needs, the grandmother had been made the recipient of the mother's public assistance funds for the children and also received their food stamps. It was the petitioner who cared for and fed the children on a daily basis for some years.

In February 1990 the grandmother instituted the underlying custody proceeding to gain legal custody of the children, alleging that the mother "is unable to care for the children properly". In June 1990 a fact-finding hearing was held. In the order appealed from dated June 21, 1990, the petition was granted. The mother appealed, and it was later discovered that the minutes of the fact-finding hearing had been lost. Pursuant to an order of this Court dated August 28, 1991, a reconstruction hearing was held.

On appeal, the mother claims that there was not a sound and substantial basis in the record to support the court's custody determination, particularly because a nonparent was displacing the biological mother's right to custody. We disagree. Based upon our analysis of the reconstructed record, we find that there was sufficient evidence before the court for it to properly conclude that the mother's chronic illness and its manifestations constituted the extraordinary circumstances required by case law for it to proceed to a consideration of the best interests of the children *(see, Matter of Bennett v Jeffreys,*

40 NY2d 543; *see also, Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 144; *Matter of Marie B.,* 62 NY2d 352; *Matter of Male Infant L.,* 61 NY2d 420; *Matter of Alfredo S. v Nassau County Dept. of Social Servs.,* 172 AD2d 528; *Matter of Bisignano v Walz,* 164 AD2d 317, 318; *see generally, Matter of Michael B.,* 80 NY2d 299).

We further agree with the Family Court's determination, after the best interests analysis, to award custody of the minor children at issue to the grandmother, who has been their primary caretaker for several years. The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court because that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167; *Klat v Klat,* 176 AD2d 922, 923). Thus, custody matters are ordinarily within the discretion of the trial court and its findings are entitled to the greatest respect *(see, Matter of Irene O.,* 38 NY2d 776, 777), and should be set aside only if, unlike here, they lack a sound and substantial basis in the record *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.