■ In the Matter of ANTIONETTE M. et al., Respondents, v PAUL SETH G., Appellant. [608 NYS2d 703] —In a child custody proceeding pursuant to Domestic Relations Law § 240, the father appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated March 26, 1993, which, after a hearing, awarded custody of his child to the maternal grandparents and granted restricted visitation to the father.

Ordered that the judgment is affirmed, with costs.

The instant appeal involves a custody dispute between the petitioners, the maternal grandparents, and the father of the child in question. Contrary to the father's contention, we find that there was sufficient evidence before the court for it to conclude that the father's history of domestic violence and spousal abuse constituted the extraordinary circumstances required for it to proceed to a consideration of the best interests of the child *(see, Matter of Bennett v Jeffreys,* 40 NY2d 543; *see also, Matter of Male Infant L.,* 61 NY2d 420; *Matter of Nellie R. v Betty S.,* 187 AD2d 597).

We further agree with the Supreme Court's determination, after the best interests analysis, to award custody of the child to the maternal grandparents. The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court because that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Nellie R. v Betty S., supra; Klat v Klat,* 176 AD2d 922). Thus, custody matters are ordinarily within the discretion of the trial court and its findings are entitled to great weight on appeal and should be set aside only if, unlike here, they lack a sound and substantial basis in the record *(see, Eschbach v Eschbach, supra; Matter of Nellie R. v Betty S., supra).*

We have reviewed the appellant's remaining contentions

and find them to be without merit. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.