■ In the Matter of BENJAMIN B. CATHY B., Appellant. (Matter No. 1.) In the Matter of ARDELIA K., Respondent, v CATHY B., Appellant. (Matter No. 2.) [651 NYS2d 571] —In two related proceedings pursuant to Family Court Act article 6, for visitation with Benjamin B. (Matter No. 1) and for custody of Benjamin B. (Matter No. 2), the mother, Cathy B., appeals from (1) an order of the Family Court, Kings County (Segal, J.), dated June 1, 1994, which, after a hearing, dismissed Matter No. 1 and (2) so much of an order of the same court, also dated June 1, 1994, as, after a hearing, awarded custody of the child to the petitioner in Matter No. 2, Ardelia K. Justice McGinity has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order in Matter No. 1 is affirmed, without costs or disbursements; and it is further,

Ordered that the order in Matter No. 2 is affirmed insofar as appealed from, without costs or disbursements.

In this case, the mother, Cathy B., seeks custody of her four year old son Benjamin B., who has been living with his father's purported fiancée, Ardelia K., since the age of about two months. It was alleged by the father that the mother abandoned the child. Thereafter, because of the father's intermittent drug problems, Ardelia K. became the primary caretaker and filed her own petition for custody. The mother filed a separate petition seeking, inter alia, visitation with and custody of Benjamin. Following a hearing, the Family Court found that the father's drug problems and the mother's "significant psychopa-

thology" constituted "extraordinary circumstances" and, consequently, granted custody of the child to Ardelia K. with visitation to Cathy B. The court dismissed the petition filed by the mother. On appeal, the mother challenges the custody determination.

The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court because that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*Eschbach v Eschbach*, 56 NY2d 167, 173; *Klat v Klat*, 176 AD2d 922, 923). Thus, custody matters are ordinarily within the discretion of the hearing court and its findings should be set aside only if they lack a sound and substantial basis in the record (*see, Matter of Nellie R. v Betty S.*, 187 AD2d 597).

In this case, Dr. Cox, the court-appointed clinical psychologist, opined that the mother had a chronic schizoid personality disorder with depressive and impulsive features. The existence of this mental condition, combined with the protracted separation of mother from child and the attachment of the child to Ardelia K., support the hearing court's finding of extraordinary circumstances (*see, e.g., Matter of Nellie R. v Betty S., supra*, 187 AD2d 597). Moreover, Dr. Cox found that the child was thriving, happy, and well-developed in Ardelia K.'s care.

Accordingly, the Family Court properly awarded custody of the child to Ardelia K. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.