■ In the Matter of ANDREW KULAKOWICH, Respondent, v ALICE ZINGARELLI, Formerly Known 'as ALICE Z. KULAKOWICH, Respondent, and ANNE GILLEECE, as Law Guardian, Appellant. [670 NYS2d 355] —In a child custody proceeding pursuant to Family Court Act article 6, the Law Guardian appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered April 29, 1997, which, *inter alia*, granted custody of the subject child to the petitioner father.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, and the petition is denied.

A petition for a modification of custody should only be granted when the totality of circumstances warrants modification in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167). The custodial parent is given priority in order to maintain and promote the stability in the child's life (*see, Matter of Maute v Maute*, 228 AD2d 444; *Matter of Lobo v Muttee*, 196 AD2d 585, 587).

The determination of the Family Court is not supported by the record before us. Custody of this child was awarded to the mother in 1991 pursuant to the parents' agreement. Since that time, the child has resided with his mother. The child, who is now 15 years old, has indicated a clear and strong desire to remain with his mother. In light of the long-term custodial arrangement, the mother's fitness to care for the child, the need for stability in the child's life, and his expressed desire to remain living with his mother, it is appropriate for the mother to continue as the custodial parent.

We note that although both parents love and care for their son, the ultimate resolution of their child's difficulties will only occur if both parents commit themselves to amicably work together towards his emotional and intellectual development. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.