■ In the Matter of PAUL BAEYENS et al., Appellants, v YLIANA L. OVERSTREET et al., Respondents. (And Another Proceeding.) [697 NYS2d 154] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioners, Paul Baeyens and Muriel Baeyens, the paternal grandparents, appeal from an order of the Family Court, Nassau County (Medowar, J.), dated April 26, 1998, which awarded custody of the child to the respondent Ana Lopez, the maternal grandmother.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that custody matters are ordinarily within the discretion of the trial court and its findings are entitled to great weight on appeal, as that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the witnesses in weighing the many factors required for a determination of custody (*see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Lobo v Muttee,* 196 AD2d 585; *Matter of Nellie*

R. v Betty S., 187 AD2d 597). Here, the trial court correctly found that the conclusion of the court-appointed forensic expert, upon which the other experts relied, was not supported by the record and not in the child's best interest (cf., Young v Young, 212 AD2d 114, 118).

Contrary to the appellants' contention, the record provides a sound and substantial basis for the trial court's conclusion that it was in the child's best interests to remain in the custody of her maternal grandmother (see, Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Kulakowich v Zingarelli, 249 AD2d 306; Matter of Nellie R. v Betty S., supra). After a 19-day trial, the court considered all of the requisite factors in making its determination and did not base its decision predominately on the custody preference of the child's incarcerated mother. In evaluating the factors, the trial court properly considered stability in the child's life since she had resided with her maternal grandmother for a substantial period of her life and had been consistently and regularly cared for by her all her life (see, Matter of Kulakowich v Zingarelli, supra; Matter of Lobo v Muttee, supra; Matter of Nellie R. v Betty S., supra).

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.