■ In the Matter of MARY ODUMS, Respondent, v JOHN METCALF, SR., Appellant. [715 NYS2d 337] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated March 25, 1997, which, after a hearing, awarded custody of the children to the petitioner, the children's maternal grandmother, and granted him only supervised visitation.

Ordered that the order is affirmed, with costs.

This appeal involves a custody dispute between the petitioner, the children's maternal grandmother, and the respondent, the children's father. "A natural parent may not be deprived of custody of his or her child absent 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances'" (*Matter of Carosi v Bloom,* 225 AD2d 692, quoting *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). Where extraordinary circumstances are present, the court must inquire into the bests interests of the children before making the custody determination (*see, Matter of Dickson v Lascaris,* 53 NY2d 204). Upon a careful review of the record, we conclude that contrary to the father's contention, there was sufficient evidence for the court to determine that there are extraordinary circumstances which required it to make an analysis of the best interests of the children (*see, Matter of Bennett v Jeffreys, supra; Matter of Carosi v Bloom, supra; Matter of Antionette M. v Paul Seth G.,* 202 AD2d 429). Moreover, in light of these extraordinary circumstances, the award of custody to the petitioner was a provident exercise of discretion (*see, Matter of Carosi v Bloom, supra; Matter of Antionette M. v Paul Seth G., supra; Matter of Nellie R. v Betty S.,* 187 AD2d 597, 598). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.