■ In the Matter of IDALIA CHARLES, Respondent, v SALINA MORENO, Appellant, et al., Respondent. [741 NYS2d 255] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Kings County (Ebrahimoff, R.), dated September 10, 1998, as, after a hearing, denied her petition for custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother challenges the Family Court's award of custody of her 10-year-old daughter and 12-year-old son to the children's paternal grandmother, who has cared for them since August 1994. We reject the mother's contention that the award was not supported by a showing of extraordinary circumstances (*see Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *Matter of Pauline G. v Carolyn F.,* 187 AD2d 589). The mother exposed the children to excessive corporal punishment (*see Matter of William L. v Betty T.,* 243 AD2d 860), had limited parenting skills, and lacked child-rearing judgment that placed the children in serious jeopardy (*see Matter of Hansen v Post,* 167 AD2d 702, 703). She left the children alone at home, unsupervised, on various occasions (*see Matter of Pamela S.S. v Charles E.,* 280 AD2d 999), and suffered from significant posttraumatic stress disorder coupled with narcissism and schizotypal personality traits (*see Matter of Benjamin B.,* 234 AD2d 457, 458). "The existence of this mental condition, combined with the protracted separation of mother from child[ren] and the attachment of the child[ren] to [their grandmother] * * * support the hearing court's finding of extraordinary circumstances" (*Matter of Benjamin B., supra* at 458). Moreover the children were thriving, happy, and well-developed in the grandmother's care (*Matter of Benjamin B., supra*).

The record supports the Family Court's determination that it was in the best interests of the children that custody remain with the grandmother (*see Matter of Bennett v Jeffreys, supra*).

The mother's remaining contention is without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.