■ In the Matter of BERNADETTE KOCH, Respondent, v AUDREY ANDRES, Appellant. [749 NYS2d 561] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Snellenburg, J.H.O.), entered August 8, 1999, which, after a hearing, awarded custody of the child to the maternal aunt.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from a dispute over the custody of a nine-year-old girl, who has resided with the petitioner, her maternal aunt, for most of her life. By order entered March 21, 1997, the Family Court denied the maternal aunt's petition for permanent custody, and directed that the child be returned to her parents. However, on appeal, this Court reversed that order because, inter alia, the Family Court had failed to determine the question of extraordinary circumstances. The matter was remitted to the Family Court, Suffolk County, for a new custody determination in keeping with the protocol set forth in *Matter of Bennett v Jeffreys* (40 NY2d 543; *see Matter of Koch v Andres,* 246 AD2d 596). After conducting a second hearing, the Family Court awarded custody of the child to the maternal aunt.

Contrary to the mother's contention, the Family Court properly awarded custody of the child to the maternal aunt. It is well settled that a "parent may not be deprived of custody of his or her child absent 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Robinson v McKenzie,* 293 AD2d 482, quoting *Matter of Bennett v Jeffreys, supra* at 544). Where extraordinary circumstances are present, the court must inquire into the best

interests of the child before making a custody determination (*see Matter of Dickson v Lascaris,* 53 NY2d 204, 208-209; *Odums v Metcalf,* 276 AD2d 794, 795). Here, the protracted separation between mother and child, combined with evidence that the mother suffers from a schizo-affective disorder which has frequently caused her to be hospitalized, support the Family Court's finding of extraordinary circumstances (*see Charles v Moreno,* 293 AD2d 604; *Matter of Benjamin B.,* 234 AD2d 457, 458; *Matter of Nellie R. v Betty S.,* 187 AD2d 597). Furthermore, there is a sound and substantial basis in the record for the Family Court's determination that awarding custody of the child to the maternal aunt is in the best interests of the child (*see Matter of Benjamin B., supra; Matter of Nellie R. v Betty S., supra*).

The mother's remaining contentions are without merit. Florio, J.P., Krausman, Townes and Crane, JJ., concur.