In the Matter of VANESSA MILLER, Appellant, v JULIE M. ORBAKER et al., Respondents. [793 NYS2d 840]—

Appeal from an order of the Family Court, Seneca County (W. Patrick Falvey, A.J.), entered March 26, 2004 in a proceeding under article 6 of the Family Court Act. The order, among other things, awarded sole custody of the child to respondent Julie M. Orbaker.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding to modify an order awarding joint custody of the child to petitioner and her sister, Julie M. Orbaker (respondent), upon consent of the parties. In this proceeding, petitioner sought sole custody of the child and, in her closing argument following the hearing on the petition, respondent also sought sole custody of the child. Petitioner appeals from an order awarding respondent sole custody, with visitation to petitioner.

We reject at the outset petitioner's contention that Family Court erred in awarding sole custody of the child to respondent because respondent did not file a cross petition seeking that relief. Because petitioner sought sole custody, the issue of an award of custody to any party was properly before the court (*see Matter of Alberry v Alberry*, 251 AD2d 1080 [1998]). In a child custody proceeding, a court has the authority to "enter orders for custody . . . as, in the court's discretion, justice requires,

having regard to the circumstances of the case and of the respective parties and to the best interests of the child" (Domestic Relations Law § 240 [1] [a]).

We reject petitioner's further contention that the court erred in awarding sole custody of the child to respondent. Contrary to petitioner's contention, "the threshold extraordinary circumstances [test was] satisfied" by the hearing testimony establishing that petitioner was unfit to care for the child (*Matter of Vann v Herson*, 2 AD3d 910, 912 [2003]; *see Matter of Koch v Andres*, 299 AD2d 411, 412 [2002]; *Matter of Charles v Moreno*, 293 AD2d 604 [2002]; *see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). Petitioner admitted that she was diagnosed as delusional and that she received social security disability benefits based on her mental illness. Although petitioner was on medication for seven years, she abruptly discontinued her medication without the advice of a physician and had no intention of taking medication again, nor at the time of the hearing was she under any treatment for her mental illness. Petitioner also refused to acknowledge the mental health issues of her child and indicated that, if awarded custody, she would discontinue his medication. She further indicated that, although she would take him to her church, she would not pursue any treatment of a medical nature for him. The record supports the court's further determination that the award of custody to respondent is in the child's best interests (*see Vann*, 2 AD3d at 913; *Koch*, 299 AD2d at 411-412; *Charles*, 293 AD2d 604 [2002]), particularly in view of the fact that respondent recognized the special needs of the child and was prepared to obtain the proper treatment for him. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.