■ In the Matter of ROBERT RHO, Appellant, v YISUN RHO, Respondent. [796 NYS2d 550]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Tallmer, J.), dated March 8, 2004, which, after a hearing, in effect, denied his petition to modify an order of the Pennsylvania Court of Common Pleas, Westmoreland County, dated December 22, 1995, in effect, awarding custody of the parties' child to the mother, and directing that his visitation be supervised.

Ordered that the order is affirmed, without costs or disbursements.

Following the transfer of this matter from the Pennsylvania Court of Common Pleas, Westmoreland County, to the Family Court, Queens County, the father filed a petition for modifica-

tion of an earlier order of the Pennsylvania court. In his petition, the father sought unsupervised visitation with the parties' child, and at least half-time shared custody. Following a hearing, the Family Court, in effect, denied the father's petition. We affirm.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child" (*Dow v Dow*, 306 AD2d 529, 530 [2003]). Since the Family Court is in the best "position to evaluate the testimony, character, and sincerity of the witnesses in weighing the many factors required for a determination of custody" (*Baeyens v Overstreet*, 265 AD2d 551 [1999]), its findings are entitled to great deference on appeal, and will not be overturned unless they lack a sound and substantial basis in the record (*see Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]; *Matter of Lynch v Acey*, 281 AD2d 483 [2001]; *Matter of Gago v Acevedo*, 214 AD2d 565 [1995]; *see also Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Amari v Molloy*, 293 AD2d 431 [2002]; *Matter of Winslow v Lott*, 272 AD2d 406 [2000]).

Further, "[t]he determination of whether visitation should be supervised is a matter left to Family Court's sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record" (*Matter of Custer v Slater*, 2 AD3d 1227, 1228 [2003] [internal quotation marks omitted]).

In this case, the Family Court's determinations concerning custody and supervised visitation amply met the foregoing standards.

The father's remaining contentions are without merit. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.