■ In the Matter of MARY DONOHUE, Respondent, v TARA ANN DONOHUE, Appellant. (And Related Proceedings.) [844 NYS2d

430]—In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from (1) an order of the Family Court, Westchester County (Duffy, J.), entered June 16, 2006, which, after a hearing, inter alia, awarded custody of the subject child to the maternal grandmother and supervised visitation to her, and (2) an order of protection of the same court entered June 16, 2006, which, among other things, directed her to stay away from the child, except during court-ordered supervised visitation, for a period of one year.

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The order of protection expired by its own terms on June 17, 2007 and the determination of the appeal from that order would have no direct effect upon the parties. Accordingly, the appeal from the order of protection must be dismissed as academic (see Matter of Beverly R., 38 AD3d 668, 669 [2007]; Matter of Q.-L. H., 27 AD3d 738 [2006]; Matter of Melikishvili v Grigolava, 20 AD3d 569 [2005]).

Contrary to the mother's contention, there was sufficient evidence before the Family Court to support its finding of extraordinary circumstances, including evidence of her chronic mental illness, unstable living situation, and a failure on her part to address the special needs of the subject child (see Matter of Benjamin B., 234 AD2d 457, 458 [1996]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 293 [1996]; Matter of Nellie R. v Betty S., 187 AD2d 597 [1992]).

Moreover, there is sound support in the record for the court's determination that an award of sole custody to the grandmother was in the child's best interest. The court's determination was supported by the testimony and report of a psychologist certified as an expert in the field of forensic assessment and was consistent with the position of the Law Guardian (see Nicholas T. v Christine T., 42 AD3d 526, 527 [2007]; Gorelik v Gorelik, 303 AD2d 553, 554 [2003]).

The mother's remaining contentions are unpreserved for appellate review or without merit. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.

**58** In the Matter of TANISEA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; WAYNE F., Respondent. [845 NYS2d 379]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Salinitro, J.), dated November 2, 2006, which directed it to pay the father's attorney's fee arising from an October 26, 2006 court appearance wherein it was not ready to proceed with a scheduled permanency planning hearing.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements.

The Family Court improvidently exercised its discretion in directing the Administration for Children's Services (hereinafter ACS) to pay the father's attorney's fee arising from an October 26, 2006 court appearance wherein ACS was not ready to proceed with a scheduled permanency planning hearing. An award of an attorney's fee is not justified where, as here, the ACS attorney's conduct was not "frivolous" as defined in 22 NYCRR 130-1.1 (a) (cf. Brocklebank v City of Lockport, 198 AD2d 906 [1993]), and the ACS attorney did not fail to appear as defined in 22 NYCRR 130-2.1 (see Matter of Premo v Breslin, 89 NY2d 995, 997 [1997]). In any event, the Family Court imposed the sanction without giving the ACS attorney any opportunity to be heard on the question of whether, and to what extent, sanctions were appropriate (see 22 NYCRR 130-1.1 [d]; 130-2.1 [d]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.