In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Orange County (Currier-Woods, J.), dated November *950 5, 2010, which, after a hearing, inter alia, awarded custody of the subject children to the paternal grandmother, and (2) an order of the same court dated December 10, 2010, which denied her motion to vacate the order dated November 5, 2010, and to reopen the hearing.
Ordered that the orders are affirmed, without costs or disbursements.
As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]). Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody (id. at 548).
Contrary to the mother’s contention, the Family Court properly determined that the paternal grandmother sustained her burden of demonstrating extraordinary circumstances. The Family Court, which properly considered related decisions in certain neglect proceedings against the mother (see Family Ct Act § 651 [e] [3] [i]; Matter of Lane v Lane, 68 AD3d 995, 997 [2009]), was presented with evidence showing, among other things, that the mother had a highly unstable and unsafe living situation and failed to address the special needs of the subject children (see Matter of Brault v Smugorzewski, 68 AD3d 1819 [2009]; Matter of Donohue v Donohue, 44 AD3d 1042, 1043 [2007]). Moreover, the Family Court’s determination that an award of custody to the paternal grandmother would be in the best interests of the subject children is supported by a sound and substantial basis in the record (see Matter of Donohue v Donohue, 44 AD3d at 1043).
The mother and the attorney for the children contend that the Family Court improperly admitted into evidence a report from a forensic evaluator. However, since there was a sound and substantial basis for the Family Court’s custody determination without consideration of the report, any error was harmless (see Matter of Tercjak v Tercjak, 49 AD3d 772, 772-773 [2008]; Matter of D’Esposito v Kepler, 14 AD3d 509, 510 [2005]).
The remaining contentions of the mother and the attorney for the children either have been rendered academic in light of our determination, are not properly before this Court, or are without merit. Skelos, J.P., Florio, Lott and Miller, JJ., concur.