■ In the Matter of ROCHELLE C., Respondent, v BRIDGET C., Respondent, and DAVID B., Appellant. [30 NYS3d 885]—

Appeal from an order of the Family Court, Kings County (William Franc Perry, J.), dated February 5, 2015. The order, after a hearing, granted the maternal aunt's petition to be appointed permanent guardian of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the

nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances. Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (*Matter of North v Yeagley*, 96 AD3d 949, 950 [2012], citing *Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]).

Contrary to the father's contention, the Family Court properly determined that the maternal aunt sustained her burden of demonstrating extraordinary circumstances. The court was presented with evidence that the father, among other things, had a highly unstable, unsanitary, and unsafe living situation and failed to address the medical and nutritional needs of the subject child (*see Matter of Diana B. v Lorry B.*, 111 AD3d 927, 928 [2013]; *Matter of Darrow v Darrow*, 106 AD3d 1388, 1391-1392 [2013]; *Matter of North v Yeagley*, 96 AD3d at 950). Moreover, the Family Court's determination that an award of guardianship to the maternal aunt would be in the best interests of the subject child is supported by a sound and substantial basis in the record (*see Matter of North v Yeagley*, 96 AD3d at 950).

We reject the father's contention that he was prejudiced by the Family Court's denial of his request for peer review of the forensic evaluator's report pursuant to County Law § 722-c. The father did not make the requisite showing that the appointment of a second clinical psychologist to perform such a peer review was necessary (*see Matter of Lane v Lane*, 68 AD3d 995, 998 [2009]; *Matter of Jack McG.*, 223 AD2d 369 [1996]).

The father's remaining contentions are without merit. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.