■ In the Matter of LAURA M., Respondent, v NICOLE N., Appellant, et al., Respondent. [38 NYS3d 597]—

Appeal by the mother from an order of the Family Court, Orange County (Lori Currier-Woods, J.), dated March 5, 2015. The order, after a hearing, granted the paternal great aunt's petition to be appointed permanent guardian of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances. Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (*Matter of Rochelle C. v Bridget C.*, 140 AD3d 749-750 [2016] [internal quotation marks omitted]; *see Matter of North v Yeagley*, 96 AD3d 949, 950 [2012], citing *Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]). The burden of proof is on the nonparent to prove such extraordinary circumstances (*see Matter of Tristram K.*, 25 AD3d 222, 226 [2005]). Absent proof of such extraordinary circumstances, an inquiry into the best interests of the child is not triggered (*see Matter of Dungee v Simmons*, 307 AD2d 312, 313 [2003]).

Here, the Family Court properly determined that the paternal great aunt sustained her burden of demonstrating extraordinary circumstances. The court was presented with evidence that the mother had left the child with the paternal great aunt for days at a time without checking in on the child. For the past three years, the child had lived with the maternal grandmother, who became ill, thus prompting the filing of the subject petition. There also was evidence that the mother failed to establish a stable household and did not support or make important decisions for the child (*see Matter of Suarez v Williams*, 26 NY3d 440, 452 [2015]; *Matter of Cockrell v Burke*, 50 AD3d 895 [2008]). The father was incarcerated and not involved in the child's life. Moreover, the court's determination that an award of guardianship to the paternal great aunt would be in the best interests of the subject child is supported by a sound and substantial basis in the record (*see Matter of Rochelle C. v Bridget C.*, 140 AD3d 749 [2016]; *Matter of North v Yeagley*, 96 AD3d at 950). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.