■ In the Matter of KAYLUB T. ERIK C. et al., Respondents; MANDY C., Appellant. [53 NYS3d 708]—

Appeal by the mother from an order of the Family Court, Kings County (Edward Yuskevich, Ct. Atty. Ref.), dated October 15, 2015. The order, after a hearing, granted the petition of the maternal aunt and uncle to be appointed guardians of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In September 2009, the subject child was placed in foster care with his maternal aunt and uncle (hereinafter together the petitioners) following the commencement of a neglect proceeding against the mother. In April 2010, the Family Court found that the mother neglected the child. In July 2014, the petitioners filed a petition pursuant to Family Court Act article 6 to be appointed guardians of the child, which was opposed by the mother. In an order dated October 15, 2015, made after a hearing, the court granted the guardianship petition. The mother appeals from that order.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances," and "[w]here extraordinary circumstances are present, the court must then consider the best interests of the child" (*Matter of Laura M. v Nicole N.*, 143 AD3d 722, 722 [2016] [internal quotation marks omitted]). "The burden of proof is on the nonparent to prove such extraordinary circumstances" (*id.* at 722).

Here, the Family Court properly determined that the petitioners sustained their burden of demonstrating extraordi-

nary circumstances based on evidence that the mother suffered from a mental illness which had contributed to the child's placement in foster care, that the mother lacked insight into her condition, and that the child was separated from the mother for an extended period of time and was closely bonded to the petitioners (*see Matter of Loukopoulos v Loukopoulos*, 68 AD3d 1470, 1472 [2009]; *Matter of Johnson v Streich-Mc-Connell*, 66 AD3d 1526, 1527 [2009]; *Matter of Donohue v Donohue*, 44 AD3d 1042, 1042 [2007]; *Matter of Koch v Andres*, 299 AD2d 411, 412 [2002]; *Matter of Benjamin B.*, 234 AD2d 457, 458 [1996]). Further, the court's determination that an award of guardianship to the petitioners would be in the best interests of the subject child is supported by a sound and substantial basis in the record (*see Matter of Laura M. v Nicole N.*, 143 AD3d at 723).

Accordingly, the Family Court properly granted the petition to appoint the petitioners as the subject child's guardians. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.