Matter of Joel T. v Miriam T. (2018 NY Slip Op 05318)





Matter of Joel T. v Miriam T.


2018 NY Slip Op 05318


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-02104
 (Docket Nos. G-3233-15, O-3931-15, O-5388-15, O-4592-16)

[*1]In the Matter of Joel T. (Anonymous), respondent,
v
Miriam T. (Anonymous), appellant.


Christopher E. Gurda, Middletown, NY, for appellant.
Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for respondent.
George E. Reed, Jr., White Pains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered January 26, 2017. The order, insofar as appealed from, after a hearing, granted the petition of the maternal uncle to be appointed guardian of the subject children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances, and [w]here extraordinary circumstances are present, the court must then consider the best interests of the child" (Matter of Kaylub T. [Erik C.-Mandy. C.], 150 AD3d 862, 862 [internal quotation marks and citations omitted]; see Matter of Negron v Medina, 144 AD3d 804, 804-805; Matter of Rochelle C. v Bridget C., 140 AD3d 749, 749-750). "Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730; see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946; Matter of [*2]Leonard v DeGeorge-Simpson, 249 AD2d 475, 476).
The maternal uncle met his burden of demonstrating extraordinary circumstances. The Family Court was presented with evidence that, despite the mother's apparent compliance with the treatment regime prescribed for her bipolar disorder by her treating physician, she continued to struggle with her mental illness and, as a result, had often been unable to provide proper care for her children (see Matter of Kaylub T. [Erik C.-Mandy C.], 150 AD3d at 863; Matter of Loukopoulos v Loukopoulos, 68 AD3d 1470, 1472; Matter of Donohue v Donohue, 44 AD3d 1042, 1042; Matter of Koch v Andres, 299 AD2d 411, 412; Matter of Charles v Moreno, 293 AD2d 604, 604; Matter of Benjamin B., 234 AD2d 457, 458). The mother's mental illness, despite her best efforts, caused her to be unable to consistently plan for the children's welfare during her frequent hospitalizations, which resulted in the children often being placed in the care of neighbors, friends, and relatives on an emergency basis. On at least one occasion, the children were left completely uncared for. This, as well as the mother's inability to consistently provide proper meals for the children, provided sufficient evidence to support a finding of extraordinary circumstances (see Matter of Kaylub T. [Erik C.-Mandy C.], 150 AD3d at 862-863; Matter of Loukopoulos v Loukopoulos, 68 AD3d at 1472; Matter of Donohue v Donohue, 44 AD3d at 1042; Matter of Nellie R. v Betty S., 187 AD2d 597).
In addition, the record establishes that the children were thriving in the care of the maternal uncle. Accordingly, the Family Court's determination that an award of guardianship to the maternal uncle would be in the childrens' best interests is supported by a sound and substantial basis in the record (see Matter of Kaylub T. [Erik C.-Mandy C.], 150 AD3d at 863; Matter of Roberta W. v Carlton McK., 112 AD3d at 730; Matter of Loukopoulos v Loukopoulos, 68 AD3d at 1472-1473; Matter of Charles v Moreno, 293 AD2d at 604; Matter of Benjamin B., 234 AD2d at 458).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court