Matter of Gonzalez v Pagan (2019 NY Slip Op 09264)





Matter of Gonzalez v Pagan


2019 NY Slip Op 09264


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-13203
 (Docket Nos. O-9158-17, O-9158-17/17A, V-1537-05/17A, V-1537-05/17B, V-9156-17, V-9157-17)

[*1]In the Matter of Irma Gonzalez, petitioner-respondent,
v
Ruben Pagan, appellant, Michelle Santiago, respondent-respondent.


Lisa Colin, White Plains, NY, for appellant.
W. David Eddy, Jr., White Plains, NY, for petitioner-respondent.
Salihah R. Denman, Harrison, NY, for respondent-respondent.
Donna E. Abrams, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated October 19, 2018. The order, insofar as appealed from, after a fact-finding hearing, granted the petition to award custody of the subject child to the nonparent petitioner.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The nonparent petitioner filed a petition for custody of the subject child when the child was 14 years old. At the time the petition was filed, the petitioner had cared for the child for approximately four years. After a fact-finding hearing and an in camera interview with the child (see Matter of Lincoln v Lincoln, 24 NY2d 270), the Family Court granted the petition. The father appeals.
Although a parent has the right to custody of his or her own child superior to that of any nonparent, a nonparent may show that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (see Matter of Joel T. v Miriam T., 163 AD3d 828, 829; Matter of North v Yeagley, 96 AD3d 949, 950). "Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of North v Yeagley, 96 AD3d at 950; see Matter of Joel T. v Miriam T., 163 AD3d at 829).
" Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record'" (Matter of Joel T. v Miriam T., 163 AD3d at 829, quoting Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730). Here, we agree with the Family Court's [*2]determination that the petitioner demonstrated that she has standing to seek custody by establishing the existence of extraordinary circumstances (see Matter of Laura M. v Nicole N., 143 AD3d 722, 723; Matter of Rochelle C. v Bridget C., 140 AD3d 749, 750). The petitioner demonstrated that she nurtured the subject child, provided food and shelter, and took responsibility for his education and medical needs to such an extent that she provided the major parental functions for many years, which became more prevalent in 2016 when the child began living with her. The father did not attend to the child's basic physical or psychological needs, was not involved in the child's education or in the child's medical care, and the child stayed with him only sporadically. Further, the court's determination that awarding custody of the child to the petitioner was in the child's best interests has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171).
The father's remaining contention is without merit.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court