Matter of Brown v Elfaiz (2021 NY Slip Op 01041)





Matter of Brown v Elfaiz


2021 NY Slip Op 01041


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-13871
 (Docket No. V-5412-18)

[*1]In the Matter of Tatiana S. Brown, petitioner- respondent, 
v
Amine Elfaiz, appellant, et al., respondent.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Jessica L. Vinall, Poughkeepsie, NY, for petitioner-respondent.
Paul I. Weinberger, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated October 30, 2019. The order, insofar as appealed from, after a fact-finding hearing, granted the petition to award custody of the subject child to the petitioner.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner filed a petition for custody of her then-seven-year-old brother (hereinafter the child) after their mother passed away. A prior order of the Family Court had awarded sole custody of the child to the mother with limited supervised parental access to the father. After conducting a fact-finding hearing at which the petitioner, as well as the child's father, teachers, and school counselor testified, the Family Court granted the petition. The father appeals.
"Although a parent has the right to custody of his or her own child superior to that of any nonparent, a nonparent may show that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (Matter of Gonzalez v Pagan, 178 AD3d 1039, 1039; see Matter of Bennett v Jeffreys, 40 NY2d 543, 548; Matter of Joel T. v Miriam T., 163 AD3d 828; Matter of North v Yeagley, 96 AD3d 949, 950).
"Where extraordinary circumstances are present, the court must then consider the best interests of the child in awarding custody" (Matter of North v Yeagley, 96 AD3d at 950; see Matter of Bennett v Jeffreys, 40 NY2d at 548, Matter of Joel T. v Miriam T., 163 AD3d at 829). "Inasmuch as the Family Court is in the best position to evaluate the credibility, temperament, and sincerity of the parties, its determination should be set aside only if it lacks a sound and substantial basis in the record" (Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730; see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947).
Here, the record supports the Family Court's finding that the petitioner established [*2]the existence of extraordinary circumstances. The petitioner took responsibility for meeting all of the child's physical, emotional, educational, and medical needs to such an extent that "she provided the major parental functions" for the child while the mother was ill and after she died (Matter of Gonzalez v Pagan, 178 AD3d at 1040; see Matter of Laura M. v Nicole N., 143 AD3d 722, 723). Further, the child repeatedly expressed his desire to continue living with the petitioner.
By contrast, while the father clearly loves the child, there is little evidence in the record that he attends to any of the child's physical, emotional, educational, or medical needs. Most notably, the father, who did not tend to the child's needs following the mother's death, repeatedly denied that the child has special needs, despite the overwhelming testimony and evidence in the record confirming that the child suffers from such disabilities (see Matter of Conroy v Conroy, 160 AD3d 727, 729; Matter of North v Yeagley, 96 AD3d at 950). Accordingly, the Family Court's determination that an award of custody to the petitioner would be in the child's best interests is supported by a sound and substantial basis in the record (see Matter of Bruen v Merla-Profenna, 181 AD3d 592, 594; Matter of Laura M v Nicole N., 143 AD3d at 723).
The issues raised by the father with regard to the December 11, 2018 temporary order of visitation and custody are academic, as that order was superseded by, inter alia, the order appealed from and, thus, is no longer in effect (see Matter of Williamson v Williamson, 182 AD3d 604, 605; Ambrose v Ambrose, 176 AD3d 1148, 1150; Matter of Saylor v Bukowski, 170 AD3d 862, 863). In any event, any alleged defect in the prior temporary order does not render defective the subject order, which was based upon a full and fair hearing (see Matter of Williamson v Williamson, 182 AD3d at 605; Ambrose v Ambrose, 176 AD3d at 1150; Matter of Saylor v Bukowski, 170 AD3d at 863).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court